[Criminal No. 167.  Filed March 20, 1903.]

[71 Pac. 934.]

BETTIE TRIMBLE, Defendant and Appellant, v. TER-
RITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW — RAPE—PRINCIPAL—ACCESSORY—INDICTMENT—SUF-
FICIENCY—REV. STATS. ARIZ. 1901, PENAL CODE, SECS. 27, 230, 845,
CITED.—Section 230 of the Penal Code, *supra,* defines rape to be ,
"an act of sexual intercourse, accomplished with a female, not the
wife of the perpetrator, under either of the following circum-
stances," among which the first is "where the female is under the
age of seventeen years." Section 27, *supra,* makes all persons
concerned in the commission of a crime, whether they directly
commit the act or aid and abet in its commission, principals. Sec
tion 845, *supra,* provides that "The distinction between an ac-
cessory before the fact and a principal, and principals in the first
and second degree is abrogated; . . . and all persons con-
cerned in the commission of a felony . . . shall hereafter
be prosecuted, tried and punished as principals, and no other facts
need be alleged in an indictment against such accessory than are
required in an indictment against his principal." In a prosecution
for rape an indictment charging that defendant made an assault
on one S, "and did aid, abet, and assist one W. T. to unlawfully
and feloniously ravish and carnally know her, the said S., and to
unlawfully and feloniously accomplish an act of sexual intercourse
with said S., she not being his wife," fails to allege that W. T.
in fact committed the crime of rape, and therefore charges no
substantive offense punishable by the laws of this territory.

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Graham.
F. M. Doan, Judge.  Reversed.

The facts are stated in the opinion.

W. C. McFarland, for Appellant.

There are no facts alleged in the indictment charging the
defendant as principal, nor with the crime of rape; hence no
facts are alleged in said indictment constituting an offense
against the laws of the territory of Arizona.  It was error of
the court to permit the territory, over objections of the de-
fendant, to introduce any evidence where no offense was

charged in the indictment. *Usselton* v. *People,* 149 Ill. 612, 36 N. E. 952; *State* v. *Gifford,* 19 Wash. 464, 53 Pac. 709.

The United States supreme court, in passing on the sufficiency of an indictment, where the objections urged were similar to those of the case at bar, lays down the rule as follows: "Every ingredient of which the offense is composed must be accurately and clearly alleged. The indictment must set forth the offense with clearness and all necessary certainty to apprise the accused of the crime with which he is charged"; that facts are to be stated, not conclusions of law alone; that crime is made up of facts and intent, and these must be set forth in the indictment with reasonable particularity of time, place, and circumstances. *United States* v. *Cruikshank,* 92 U. S. 542, 23 L. Ed. 588; *Dunbar* v. *United States,* 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390; *United States* v. *Burns,* 54 Fed. 351; *State* v. *Russell,* 64 Kan. 798, 68 Pac. 615; *Fink* v. *Milwaukee,* 17 Wis. 26; *Lasindo* v. *State,* 2 Tex. App. 59; *Williams* .v. *State,* 12 Tex. App. 395; *State* v. *Locke,* 15 Ind. 419; *State* v. *Morgan,* 112 Mo. 202, 20 S. W. 456; *People* v. *Campbell,* 40 Cal. 129; *People* v. *Schwartz,* 32 Cal. 160; *State* v. *Terry,* 109 Mo. 601, 19 S. W. 209.

E. W. Wells, Attorney-General, for Respondent.

One who aids and abets in commission of crime of rape, even if he does not directly commit the act, is a principal under the Arizona statute, and defendant, Bettie Trimble, aiding and abetting in the commission of the offense, thereby committed legal rape, or rape in law. Rape being a statutory offense, the statutory terms and no other should be used to identify it. *Tway* v. *State,* 7 Wyo. 74, 50 Pac. 188.

Our modern system of pleading by indictment does not require a statement of the acts with all the particularities, as by the early systems or common law. *People* v. *King,* 27 Cal. 510, 87 Am. Dec. 95; *People* v. *Schwartz,* 32 Cal. 164.

DAVIS, J.—The appellant, Bettie Trimble, was charged by indictment with "a felony committed as follows: The said Bettie Trimble, on or about the twenty-fifth day of January, A. D. 1901, and before the finding of this indictment, at the county of Graham, territory of Arizona, did, willfully, un-

lawfully and feloniously upon the person of one Lydia Sparks, a female under the age of seventeen years, make an assault, and the said Bettie Trimble then and there being, did aid, abet and assist one Walter Trimble to unlawfully and feloniously ravish and carnally know her, the said Lydia Sparks, and unlawfully and feloniously accomplish with her the said Lydia Sparks then and there an act of sexual intercourse, the said Lydia Sparks then and there not being the wife of the said Walter Trimble, contrary to the statutes in such case made and provided, and against the peace and dignity of the territory of Arizona." No demurrer was interposed to the indictment, but upon the trial there was objection to the introduction of any testimony against the defendant upon the ground of the insufficiency of the indictment to charge a public offense. The objection was overruled, the trial proceeded, and the jury rendered a verdict finding the defendant "guilty as charged." Motions for a new trial and in arrest of judgment were severally made and overruled. By the judgment of the court the defendant was pronounced guilty of the crime of rape, and sentenced to imprisonment for life in the territorial prison. She appeals from this judgment. Error is assigned, based upon the trial court's ruling on the defendant's objection to the introduction of any evidence, and also upon the overruling of the motion in arrest of judgment, which thus presents to us the question of the sufficiency of the indictment to support the judgment. It is contended on behalf of the appellant that the facts alleged do not charge her with the crime of rape, nor constitute any public offense.

Section 230 of the Penal Code defines rape to be "an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances," among which the first is, "where the female is under the age of seventeen years." The Penal Code further provides :—

"Sec. 27. All persons concerned in the commission of a crime, whether it be a felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, and all persons counseling, advising or encouraging children under the age of fourteen

years, lunatics or idiots, to commit any crime, or who, by fraud, contrivance or force, occasion the drunkenness of another for the purpose of causing him to commit any crime, or who by threats, menaces, command, or coercion, compel another to commit any crime, are principals in any crime so committed.''

''Sec. 845. The distinction between an accessory before the fact and a principal, and principals in the first and second degree, in cases of felony, is abrogated; and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, shall hereafter be prosecuted, tried and punished as principals, and no other facts need be alleged in any indictment against such an accessory than are required in an indictment against his principal.''

By the ancient common law those persons only were considered principals who committed the overt act, while those who were present, aiding and abetting, were deemed accessories at the fact; and those who, not being present, had advised or encouraged the perpetration of the felony, were deemed accessories before the fact. Later the courts of England came to hold, as principals, all persons present, aiding and abetting, and these were called ''principals of the second degree.'' 1 Russell on Crimes, 26. Such was the common law at the time of its adoption in the states of this country. The departure of our statute in the abolishment of these technical distinctions has effected a material change in the procedure for the conviction of wrong-doers. If there ever existed any basis in good reason for distinguishing between the moral turpitude of one whose will procures the commission of a crime, and the agent who willfully carries out the malignant purpose, there is now a clear recognition in the law of the principle that all persons whose will has contributed to the doing of a criminal act are equally guilty of that act, by whomsoever perpetrated. All are deemed chief actors, and the statute expressly provides that they ''shall hereafter be prosecuted, tried and punished as principals, and no other facts need be alleged in any indictment against such an accessory than are required in an indictment against his principal.'' Being declared by the law to be principals, they must be indicted as principals, or not at all. *Usselton* v.

*People,* 149 Ill. 612, 36 N. E. 952; *Coates* v. *People,* 72 Ill. 303; *Baxter* v. *People,* 3 Gilman, 368; *State* v. *Geddes,* 22 Mont. 68, 55 Pac. 919; *State* v. *Rowe,* 104 Iowa, 324, 73 N. W. 833; *People* v. *Outeveras,* 48 Cal. 19.  By the statutes of some of the states, the aiding, abetting, or procuring a crime to be committed is made a substantive, independent offense, but such is not the law here.  The defendant in this case was not charged directly as a principal in the crime of rape, nor were sufficient facts alleged in the indictment to show her guilty as a principal in that offense.  Giving to the allegations against the defendant their fullest effect, it is charged, in substance, that she did aid, abet, and assist one Walter Trimble to commit rape; but there is a failure to affirmatively allege that such a crime was in fact committed by the said Walter Trimble.  The indictment therefore charges no substantive offense punishable by the laws of this territory, and the court below erred in admitting evidence under it, and also in refusing to arrest the judgment.

The judgment of the district court will accordingly be reversed, the case ordered dismissed, and the defendant discharged.

Kent, C. J., and Sloan, J., concur.