[Criminal No. 409.    Filed December 19, 1916.]

[161 Pac. 873.]

STATE, Appellant, v. TELLER BROSHEARS, Respondent.

1. PERJURY—INFORMATION—SUFFICIENCY.—Under Penal Code of 1913, section 950, an information for perjury is sufficient if it sets forth the substance of the controversy or matter in respect to which the offense was committed, the court in which the oath was taken, and that the court or the person before whom the oath was taken had authority to administer it, with the proper allegations of the falsity of the matter on which perjury is assigned.

2. PERJURY—INFORMATION—SUFFICIENCY.—An indictment for perjury alleged to have been committed in a civil action in justice court *held* insufficient under Penal Code of 1913, sections 936, 950, in that it

failed to set forth the particular circumstances of the offense charged which were necessary to constitute the complete offense.

[As to indictments for perjury, see note in 124 Am. St. Rep. 654.]

APPEAL from a judgment of the Superior Court of the County of Graham. A. G. McAlister, Judge. Affirmed.

Mr. Wiley E. Jones, Attorney General, Mr. G. W. Harben, Assistant Attorney General, and Mr. John McGowan, County Attorney, for the State.

No appearance for the Respondent.

CUNNINGHAM, J.—On February 2, 1916, the county attorney of Graham county filed in the superior court of said county an information purporting to charge the respondent with perjury under paragraph 111 of the Penal Code of Arizona of 1913. The defendant demurred to the information upon the grounds ''that said information does not substantially conform to the requirements of paragraphs 934, 935 and 936 of the Penal Code of Arizona,'' and ''that the facts stated in said information do not constitute a public offense known to the laws. . . . ''

Upon a trial of said demurrer the same was allowed and sustained, and the court ordered the cause resubmitted and another information filed by the county attorney. From which order the state appeals.

The information involved is as follows, omitting the formal portions:

''The said Teller Broshears on or about the 18th day of January, 1916, and before the filing of this information, at and in the county of Graham, state of Arizona, willfully, knowingly, unlawfully, maliciously, and feloniously did take an oath that he would testify truly before a competent tribunal, to wit, the justice court and justice of precinct No. 1 of said county, in a case in which such an oath might by law be administered by said court and justice, and willfully and contrary to such oath stated as true a material matter which he knew to be false. Said perjury was committed more particularly as follows: In a civil action then on trial in said justice court, wherein B. F. Foster was plaintiff

and L. J. Broshears was defendant, for $125 damages as the value of a horse of plaintiff claimed to have been killed by said Teller Broshears as the agent of said L. J. Broshears on the 23d day of August, 1913, it became and was a material issue if said killing was on said date; for, if it was on an earlier date, said $125 was barred by statute of limitation, and evidence had been adduced by said B. F. Foster that said killing was on said August 23d, which evidence was and is true; whereupon said Teller Broshears appeared therein as a witness for said L. J. Broshears, and took his oath that he would testify truly before said justice, and then and there willfully, and contrary to such oath testified that said killing was in the month of April, A. D. 1913. In thus testifying that said killing was in the month of April, 1913, and not in August, 1913, said Teller Broshears stated as true that which was then and there false, and which he then and there knew was false. . . . ''

The statute defining perjury is as follows: ''Every person who, having taken an oath that he will testify, declare, depose or certify truly before any competent tribunal, officer or person, in any of the cases in which such an oath may by law be administered, willfully and contrary to such oath, states as true any material matter which he knows to be false, is guilty of perjury.'' Paragraph 111, Penal Code of Arizona 1913.

In an information for perjury: ''It is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed and in what court and before whom the oath alleged to be false was taken, and that the court, or the person before whom it was taken, had authority to administer it, with the proper allegations of the falsity of the matter on which the perjury is assigned.'' Paragraph 950, Penal Code of Arizona 1913.

In setting forth the ''substance of the controversy or matter in respect to which the offense was committed,'' the information must show that the statements alleged to be false were material to the controversy. If the controversy is a judicial proceeding, the materiality of the alleged false statements may be shown in criminal pleadings:

''First, by setting forth the nature of the issue, and the evidence given thereon, so that, as a matter of law, it may

be said the testimony upon which the perjury is assigned is material to the issue; second, by showing an action at issue in a court of competent jurisdiction, the testimony given, its willful and felonious falsity, coupled with the averment that it was material to the issue.'' *People* v. *Ah Bean,* 77 Cal. 12, 18 Pac. 815.

In that case the court says: ''The difference in the two methods consists in showing the materiality of the testimony in the one case and merely averring it in the other. In *People* v. *Kelly,* 59 Cal. 372, it was held the materiality of the evidence need not be expressly averred, where it appears from facts stated; and in *People* v. *Brilliant,* 58 Cal. 214, it was held that an express averment of materiality is sufficient, unless the contrary appears from other averments.''

The information may fairly be regarded as setting forth an action at issue, viz., a civil action between B. F. Foster as plaintiff against L. J. Broshears as defendant, wherein the plaintiff seeks to recover from the defendant $125 as damages for the wrongful killing of plaintiff's horse by the defendant's agent; the nature of the issue, viz., that the defendant resists such recovery upon the grounds that the cause of action is barred by the statute of limitations; that the action was pending in a court of competent jurisdiction, viz., the justice court of precinct No. 1 of Graham county; the evidence given, viz., the evidence introduced by the plaintiff that the horse was killed on August 23, 1913, and the evidence given by this accused, as a witness for the defendant, viz., ''that said killing was in the month of April, A. D. 1913,'' followed by the averment, ''In thus testifying that said killing was in the month of April, 1913, and not in August, 1913, said Teller Broshears stated as true that which was then and there false, and which he then and there knew was false,'' thereby fairly showing the willful and intentional falsity of the statements made. If the false statements fixing the date upon which the horse was killed as in the month of April, 1913, were material to the issue raised by the defense of the statute of limitations, such evidence was so material because the action was commenced at some date more than two years after the month of April, 1913, and the period in which the plaintiff is allowed to commence his action to recover in such case had expired before he commenced the

action. The date upon which the plaintiff, Foster, commenced his action is not set forth in the information, and it follows that the court cannot say, as a matter of law, that the testimony upon which the perjury is assigned is material to the issue, within the above-mentioned first method of setting forth the materiality of the alleged false statements in criminal pleadings. Likewise the second method of setting forth the materiality of the alleged false statements is not followed, in the particular of expressly averring that such statements were material to the issue. It follows that the information fails to state facts sufficient to constitute a public offense, in that it fails to show by sufficient averments of specific facts or by express allegations that the statements alleged to be false upon which perjury is assigned were material to the issue on trial.

The information is faulty in a further particular in failing to show by specific facts or by general averments the person before whom the oath alleged to be false was taken. The facts show that the oath was taken to the effect that he would testify truly before the justice court and justice of precinct No. 1 of Graham county, and that the accused appeared in such court and took the oath "that he would testify truly before said justice," but the information does not otherwise refer to the person before whom the oath was taken nor to the authority of such person to administer such an oath. The justice of the peace had authority to administer such oath, and could administer such oath in his court while in session as the court, or while not in session, in the capacity of justice of the peace; and the oath may have been administered by some other officer with equal effect, at a time before or during the progress of the trial. The information does not directly and certainly show the materiality of the statements alleged to be false, nor the person before whom the oath alleged to be false was taken, as required by paragraph 950 of the Penal Code of Arizona of 1913.

The order allowing and sustaining the demurrer was no error, and the same ought to be affirmed.

FRANKLIN, J.—I concur in affirmance because the information does not comply with paragraph 936 of the Penal Code, and is therefore obnoxious to the special demurrer in-

terposed. The particular circumstances of the offense charged to the extent required by paragraph 950 of the Penal Code are necessary to constitute the complete offense of perjury, and such particulars are not directly and certainly alleged.

ROSS, C. J.—I concur in the observations of FRANK-LIN, J.