[Criminal No. 567.   Filed October 26, 1923.]

[219 Pac. 592.]

ALFRED LOOMIS, Appellant, v. STATE, Respondent.

INDICTMENT AND INFORMATION — OBJECTION TO EVIDENCE THAT INFORMATION STATES NO OFFENSE GOOD.—An information not stating a public offense, objection on that ground to evidence offered in support of it should be upheld; such an information being a nullity, conferring no jurisdiction, and necessarily forming no basis for introduction of testimony.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Reversed and remanded.

Mr. C. H. Young and Mr. Weldon J. Bailey, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. A. R. Lynch, Mr. Earl Anderson and Mr. E. W. McFarland, Assistant Attorneys General, for the State.

McALISTER, C. J.—Alfred Loomis and Guy Phelps were jointly informed against for the crime

See 31 C. J., p. 793.

of embezzling a Ford automobile which had been entrusted to them by the Yellow Jacket Taxi Company. They were tried separately, convicted, and each given a sentence in the state prison. From the judgment against Loomis and the order denying his motion for a new trial, he appeals.

No demurrer to the information was interposed, but during the trial appellant objected to the introduction of any testimony in support of the information upon the following grounds:

First. That the information did not state a public offense under the laws of Arizona.

Second. That it fails to disclose the name of the owner of the property alleged to be embezzled.

Third. That it fails to disclose a legal entity capable of owning or entrusting property.

These objections were overruled, and the order of the court in this respect is the only error assigned. If the information does not state a public offense, it is a nullity, confers no jurisdiction, and necessarily forms no basis for the introduction of testimony. Hence an objection to evidence offered in support of such an information should be upheld. *Trimble* v. *Territory*, 8 Ariz. 281, 71 Pac. 934. It has just been decided in the case of *Phelps* v. *State, ante,* p. 495, 219 Pac. 589, that the information in this case does not state a public offense, but, inasmuch as the reasons for this view are given there, it is unnecessary to repeat them here. It follows that overruling these objections was error for which the case must be reversed.

The judgment is, therefore, reversed and the case remanded, with directions to proceed in accordance herewith.

ROSS and LYMAN, JJ., concur.