[Criminal No. 867. Filed February 13, 1939.]

[87 Pac. (2d) 112.]

JERRY BROWNING, Appellant, v. STATE OF ARIZONA, Respondent.

Mr. V. L. Hash, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. W. E. Polley and Mr. Charles Bernstein, Assistant Attorneys General, for Respondent.

ROSS, C. J.—Defendant Browning and one William G. Tripp were jointly informed against for the crime of rape. Defendant demanded and was given a sepa-

rate trial and at such trial was convicted. He appeals on a number of grounds hereafter stated.

The charging part of the information reads:

"The said William G. Tripp and Jerry Browning on or about the 18th day of May, 1938, and before the filing of this information at and in the County of Maricopa, State of Arizona, did then and there, wilfully, unlawfully and feloniously, and by force and violence, have and accomplish an act of sexual intercourse, with and upon one Mrs. N. J. Bisanz, a female person, who was not then and there the wife of said defendants, without the consent and against the will of the said Mrs. N. J. Bisanz, and she, the said Mrs. N. J. Bisanz, then and there resisted the accomplishment of said act of sexual intercourse, but her resistance was then and there overcome by force and violence used upon and against the said Mrs. N. J. Bisanz by said defendants; . . . "

The defendant contends his demurrer to the information should have been sustained. The defects complained of were that it could not be determined from the allegations of the information that the prosecutrix was not the wife of the defendant nor whether he was charged as a principal or an accessory in the commission of the crime.

It is necessary that an information charging rape should negative the existence of the relation of husband and wife between the defendant and the victim. Section 4596, Rev. Code 1928. This, defendant claims, was not done by the allegation that Mrs. Bisanz "was not then and there the wife of said defendants." This allegation negatives what legally cannot be under our laws. A woman may not have two husbands any more than a man can have two wives. Polyandry is not recognized under our laws. But it is said by defendant that to state that Mrs. Bisanz was not the wife of defendants is not equivalent to denying that she was the wife of one of the defendants. The pleader

evidently had no thought of denying that she was a bigamist but, rather, that she was not married to either of the defendants. The words in an indictment or information are to be "construed in their usual acceptance in common language." Section 4981, Id. We think the ordinary person would construe the words "not the wife of the defendants" to mean that she was not the wife of either of the defendants. The negation of the marital relation, if accepted in its usual sense, cannot reasonably bear the construction contended for. The denial in the information of the marital relation between the prosecutrix and the defendant is greatly aided from the fact that her name is not Browning or Tripp but Mrs. N. J. Bisanz.

■ We think the information complies with the statutory requirements and that the act constituting the offense

"is clearly and distinctly set forth in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended, and as to enable the court to pronounce judgment upon a conviction, according to the right of the case." Section 4982, Id.

It would be rather technical to hold that the information does not show on its face that defendant was not the husband of the prosecutrix.

■ It was not necessary to set out in the information the facts showing whether the defendant was an accessory before the fact or a principal in the crime charged, since under our statutes all persons, whether they directly commit the act constituting the offense or aid and abet in the commission, are principals. Sections 4491, 4992, Id.; *Hunter* v. *State,* 47 Ariz. 244, 55 Pac. (2d) 310; *Trimble* v. *Territory,* 8 Ariz. 281, 284, 71 Pac. 934, 935. In the latter case the court said:

" . . . If there ever existed any basis in good reason for distinguishing between the moral turpitude of one

whose will procures the commission of a crime, and the agent who willfully carries out the malignant purpose, there is now a clear recognition in the law of the principle that all persons whose will has contributed to the doing of a criminal act are equally guilty of that act, by whomsoever perpetrated. All are deemed chief actors, and the statute expressly provides that they 'shall hereafter be prosecuted, tried and punished as principals, and no other facts need be alleged in any indictment against such an accessory than are required in an indictment against his principal.' Being declared by the law to be principals, they must be indicted as principals, or not at all. . . . ''

█ The next question arises out of the evidence. The prosecutrix testified that both the defendant and Tripp had sexual intercourse with her, and Tripp, who was a witness for the state against defendant, corroborated her. Clearly, therefore, there was evidence of two crimes having been committed, one by defendant and one by Tripp, against whom separate informations could have been laid and, defendant insists, should have been laid. The statute, section 4980, provides that "The indictment or information must charge but one offense" and on its face the information here is drawn in conformity with this provision. However, when the evidence disclosed that defendant, and also Tripp, who was jointly charged in the information with defendant, had each had carnal knowledge of the prosecutrix without her consent and against her will, we think the state, on a proper request or motion by the defendant, might have been required by the court to elect upon which charge it would go to the jury. This seems to be the rule laid down by the court under a similar situation in *Thweatt* v. *State,* 49 Tex. Cr. Rep. 617, 95 S. W. 517, 518. There the court said:

" . . . But the question here involved is, not the joining of different means of committing the same offense, but the information sets out different offenses

in the same count—offenses shown to have occurred between different parties. Upon the development of the facts, this was made clearly to appear. Where the indictment does not show that they are different offenses or different transactions in the same count, but embraced within the general definition of the statute, then perhaps the motion to quash might not be entertained; but, if the pleadings show that they are different offenses and different transactions in the same count, then the motion to quash should be sustained. But even where the averments would not sustain the motion to quash under those circumstances, still when the evidence is introduced, and it is made to appear that the transactions are distinct and under different circumstances than those charged, and occurring at different times and places, the motion to elect should be sustained.''

■ The defendant contends that at the close of plaintiff's case he requested that the plaintiff be required to elect, but we have carefully examined his motion and in it there is not a suggestion of election. He asked for a directed verdict

''on the ground that the state has wholly failed to make out a case sufficient to be taken to the jury and on the further ground the testimony of the state is so contradictory . . . as to render the evidence wholly insufficient to go to the jury.''

So, if the defendant was entitled to have the state elect on which act it would ask for a conviction, he failed to exercise that right in proper manner or time.

The trial was had in June, 1938, beginning on the 8th day. The offense was charged to have been committed on May 18th. A photograph of the prosecutrix taken on May 19th between 9 A. M. and 12 M. was introduced in evidence over defendant's objection. The grounds of the objection were (1) that the photographer had not testified the photograph was a correct portrayal of the prosecutrix at the time of the assault, and (2) that the photograph showed prosecutrix had

a bandage on her face. The photographer testified that the photograph was a faithful portrayal of the prosecutrix' appearance at the time he took it, some ten or twelve hours after she was assaulted. It does not purport to be a photograph of her at the time of the assault but at a subsequent time and after she had been injured.

The evidence was that the prosecutrix, the defendant and Tripp had been riding around the streets of Phoenix in the defendant's automobile in an endeavor to find another woman to make up a party of four; that they had a pint of whiskey that one of the men had bought and all of them drank of it quite freely; that they were not able to find another woman so the defendant drove out to Papago Park, some two thousand feet from the main highway or Van Buren Street, and parked his car. The prosecuting witness testified that Tripp left the car and that defendant struck and beat her so that she was covered all over with blood; that the next thing she knew she was on the ground where she was subjected to the lecherous desires of the defendant and Tripp. The following morning, about 5 o'clock, the officers visited the scene with Tripp and discovered and examined the place where this happened. On the ground and rocks where her body had lain and on the rocks adjacent thereto were spots of blood where prosecutrix had bled. An officer, to whom she immediately reported what had taken place, testified:

"Q. Describe Mrs. Bisanz' condition at that time. A. When I first saw her and looked in the car she had two black eyes, a couple of big knots under each eye and her nose was mashed over to one side and her clothes was all tore and was all full of blood."

This description by the officer of the appearance of the prosecutrix at 11 P. M., May 18th, is very well reflected in the photograph taken the following morn-

ing, the difference being that in the picture a dressing or bandage held in place by adhesive tape covered most of her nose so that it did not look as bad as described by the witness. While the photograph showed the prosecutrix had suffered a rather severe beating, it was not as bad as stated by the witness. In other words, the photograph minimized rather than enlarged or magnified her injuries.

It was necessary for the state to show that the prosecuting witness had not consented to the act. The blood on the ground and rocks where the act was accomplished and on her clothes, as shown by the photograph, and the bruised and blackened condition of her face, nose and eyes, were eloquent evidence that she had not consented but that the act was accomplished through force and violence and against her will. At the time of the trial nature doubtless had removed all or most of the signs of injury to the prosecutrix' face, eyes and nose but through the photograph the jury was enabled to see approximately the extent of the injuries and determine what, if any, effect they might have had upon her submitting to defendant's wishes. The defendant had an opportunity to cross-examine the witness with reference to the photograph and as to whether it was a correct portrayal of the prosecuting witness and her condition shortly after the assault but he did not do so. His objection, that the prosecutrix had a bandage on her face, we think is more or less frivolous. The covering on her nose prevented the jury from seeing the extent of her injuries and probably was more to the defendant's advantage than otherwise.

We are satisfied that the photograph was properly admitted in evidence, and that it did not prejudice the defendant.

The defendant wanted to prove, for the purpose of impeaching her chastity and as affecting her

credibility, that the prosecuting witness had stated to him shortly before the act charged that she had "hooked" a ride with a man from California to Phoenix but had walked across the bridge over the Colorado River at Yuma to avoid the Mann Act, (18 U. S. C. A., § 397 et seq.); also another statement by her indicating that she did not hesitate to talk of sexual matters. This evidence the court refused to admit and the ruling is assigned as error. If this testimony had been admitted, it would have shown only that the prosecutrix had engaged in a rather risque or off-color conversation with defendant. It would have been no evidence that she was lacking in chastity, or that her story of her treatment by defendant was not true, or that her resistance of defendant's advances was not as stated by her. It certainly would have been no evidence that she had given or would give consent to sexual intercourse with defendant. The question of proof or offer of proof of the prosecutrix' want of chastity is not before us and whether if such proof had been offered it should have been admitted for the purpose of affecting her credibility is not in the case.

 We are in accord with defendant's proposition of law that

"The trial judge should preside in a fair and impartial manner and refrain from making unnecessary comments or doing any act which might cause prejudice against the litigant or which is calculated to influence the minds of the jury,"

but cannot consent that this rule was violated in this case. The criticism relates to the conduct of the court in the course of the trial in not permitting the defendant to take the witnesses over the same grounds and repeat themselves, in requiring witnesses not to volunteer something not asked for, and in asking direct questions of the witnesses. We have examined the instances of which complaint is made and cannot see

wherein the defendant could have been injured by the court's action.

Complaint is made that the court did not instruct the jury that a severance had been made granting defendant and Tripp separate trials, and that evidence against Tripp could not be considered as evidence against the defendant. The evidence conclusively shows defendant and Tripp were acting together, aiding and abetting each other, so that, if one of them had sexual intercourse with the prosecuting witness, both were guilty. Under such circumstances it would have been error for the court to instruct the jury that evidence against Tripp was not evidence against defendant. They were both principals. Besides, the rule in this jurisdiction is that if defendant wants an instruction on any given point he should ask for it. *Greve* v. *State,* 36 Ariz. 325, 285 Pac. 274; *Hann* v. *State,* 30 Ariz. 366, 247 Pac. 129; *Bush* v. *State,* 19 Ariz. 195, 168 Pac. 508. He made no request on the point raised.

Finally, the defendant complains of some instructions that the court gave to the jury. There is only one of these that appears to be worthy of consideration. It reads:

"You are further instructed that upon the trial of a defendant accused of the crime of rape the fact that the prosecutrix made prompt and early complaint of the wrong and injury committed upon her person and to her character and chastity is independent and original evidence and is admissible and may be received and considered by the jury in corroboration of her other testimony given in the case."

The court was in error in stating that the complaint made by the prosecutrix to the officers of the law of her wrong and injury was independent and original evidence. Such complaints are not original nor are they independent evidence; they are in the

nature of hearsay and are admitted as corroborative of the other testimony of the witness, upon the theory that a woman smarting under an outrage of the kind would naturally and intuitively seek out the first person available and tell him of her ill treatment. For that reason the courts uniformly have admitted such complaints, when made soon after the assault, as corroborative testimony only. However, we do not think that the court's error in designating such evidence as independent and original could in any way affect or prejudice defendant's rights in the least.

The other instructions of which complaint is made clearly state the law. The instructions on the whole, and they must be considered as a whole, were very fair and liberal to the defendant.

We have considered all of the errors assigned, although there are some not herein discussed, and have concluded that the defendant had a fair and impartial trial and that the judgment of conviction should be affirmed. Those not discussed are covered either by what we have said or else they raise no point that requires consideration.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.