231 P.2d 458

**PAXTON v. WALTERS.**

No. 5491.

Supreme Court of Arizona.

May 21, 1951.

Marshall W. Haislip, of Phoenix, for appellant.

Fred O. Wilson, Atty. Gen., Phil J. Munch, Asst. Atty. Gen., for respondent-appellee.

PHELPS, Justice.

This is an appeal from an order of the superior court of Pinal County denying the discharge of appellant James P. Paxton on a writ of habeas corpus and remanding him to the custody of the warden of the state prison at Florence.

The facts are that on November 24th, 1950, appellant entered a plea of guilty in the superior court of Yavapai County to a purported charge of perjury and was thereupon sentenced by said court to serve a term of not less than one nor more than three years therefor in the state penitentiary.

Appellant was not represented by counsel either before the committing magistrate or the superior court and according to the records before us it appears that not more than 30 minutes elapsed between the time of filing the complaint in the justice court and the pronouncement of judgment and sentence upon appellant in the superior court.

Thereafter on March 10, 1951, an application was made to this court on behalf of appellant for a writ of habeas corpus upon the ground that the information in the case did not state a public offense and

that the superior court of Yavapai County was therefore without jurisdiction to pronounce judgment and sentence upon appellant and that such judgment and sentence was null and void.

The writ was issued on the 20th day of March, 1951, and made returnable before the Honorable W. C. Truman, Judge of the Superior Court of Pinal County who on April 5, 1951, quashed said writ and remanded appellant to custody.

Appellant has presented three separate assignments of error all of which are directed to the insufficiency of the information to state an offense against the State. We will therefore consider them together. It will be necessary to examine the information in the light of our statutes relating to pleading in criminal cases and the decisions of the courts relative thereto in order to reach a conclusion as to the soundness of appellant's contentions.

Section 44–702, A.C.A.1939, provides that: "Every felony and every misdemeanor over which the superior court has original jurisdiction, must be prosecuted by indictment or information, * * *".

Section 44–706 provides in so far as here pertinent that the information must contain: "* * * a statement of the acts constituting the offense in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended, * *."

Section 44–709 provides that the "information is sufficient, if it can be understood therefrom: * * *.

"That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended, and as to enable the court to pronounce judgment upon a conviction, according to the right of the case."

Section 44–710 thereof provides that the "* * * information must be direct and certain as to the party charged, the offense charged, and the particular circumstances of the offense when they are necessary to constitute a complete offense.'"

Section 44–711 thereof provides:

"(1) The indictment or information may charge, and is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one or more of the following ways:

"(a) By using the name given to the offense by the common law or by a statute.

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

"(2) The indictment or information may refer to a section or subsection of any

statute creating the offense charged therein, and in determining the validity or sufficiency of such indictment or information regard shall be had to such reference."

Section 43–4201 defines perjury in so far as material here as follows: "Any person who, having taken an oath that he will testify, declare, depose or certify truly before any competent tribunal, officer, or person, in any case in which an oath may by law be administered, wilfully and contrary to such oath, states as true any material matter which he knows to be false; * * * is guilty of perjury, * * *."

Section 44–742 provides: "No indictment or information for perjury, or for subornation of, solicitation of, conspiracy or attempt to commit perjury shall be invalid or insufficient for the reason that it does not set forth any part of the records or proceedings with which the oath was connected, or the commission or authority of the court or other official before whom the perjury was committed or was to have been committed, or the form of the oath or affirmation, or the manner of administering the same."

Section 44–753 of the Code provides: "The following forms may be used in the cases in which they are applicable:" among which are perjury. The following form is prescribed: "A. B. committed perjury by testifying as follows (set forth the testimony)":

The charging part of the information in the instant case reads as follows: "In the Superior Court of the County of Yavapai, State of Arizona, on the 24th day of November 1950, the County Attorney of Yavapai County, State of Arizona, accuses James P. Paxton of Felony, to-wit: Perjury, and charges that at Yavapai County, Arizona, on or about the 17th day of October, 1950, and prior to the filing of this Information, the said James P. Paxton did then and there wilfully, wrongfully, unlawfully, feloniously, and contrary to an oath that he would testify truly before the Superior Court of Yavapai County, Arizona, in a proper case in which an oath could by law be administered, state as true a material matter which he knew to be false."

It will be observed that there is no attempt made by the State to inform the defendant as to what particular statement or statements in his testimony before the court and relied upon by the State, are in fact false. There is nothing appearing from the face of the information which tends to inform the defendant in ordinary and concise language what portion of his testimony is claimed to be false in such manner as to enable a person of common understanding to know what is intended.

We are of the view that the statutes above quoted must be construed together. And when so construed irresistibly lead to the conclusion that an information charging perjury must set forth the per-

jurous words relied upon as constituting the perjury. It is only when this is done that a defendant is apprised in ordinary and concise language of the specific portion of his testimony that the State claims to be perjured and can know what is intended to be charged. If this were not required defendant might be again prosecuted for the same offense and thus be deprived of pleading former jeopardy. Or let us assume a situation where a defendant testifying in a case testifies falsely concerning two separate matters, only one of which is material to the issues involved in the case on trial. Under an information like the one in the instant case he may enter a plea of guilty, intending to admit having made the false statement (material to the issues in the case on trial) and subsequently, after he has served his term in the penitentiary, find, from the statement of facts, that he had entered a plea of guilty to the other false statement which was not, in fact, material to the issues and therefore did not constitute perjury. Under such circumstances defendant could not interpose the plea of former jeopardy upon a second prosecution.

 We therefore hold that an information for perjury must set forth either the substance of the words or the actual words used by the witness alleged by the State to be false. It must also allege the materiality of such statement, knowledge of its falsity, and by appropriate language make it clear that the person before whom the oath was made was authorized to administer it. State v. Broshears, 18 Ariz. 356, 161 P. 873. We further hold that the information in the instant case, failing to do either, does not state an offense against the State of Arizona. If the information stated no offense it follows that it is a nullity, conferred no jurisdiction upon the court, and necessarily formed no basis for a plea of guilty and for the pronouncement of judgment and sentence thereon by the court. The judgment and sentence rendered therefore are wholly null and void. Loomis v. State, 25 Ariz. 506, 219 P. 592, State v. Smith, 66 Ariz. 376, 189 P.2d 205. The latter case clearly states, and gives a splendid resume of the rulings of this court on the necessity of meeting the statutory requirements in drawing an information. The court in that case also cautioned against too great haste in the administration of the criminal law, pointing out that it sometimes led to injustice. That habeas corpus will lie in a case where a person is incarcerated under a void judgment and sentence, is too well settled to require extended comment by this court even if the question were properly raised.

Having reached the conclusion that the court was without jurisdiction to pronounce judgment and sentence in this case and the same is therefore null and void and that habeas corpus will lie in such a case, it becomes unnecessary to consider the remaining questions raised.

For future guidance we feel constrained to state that in our opinion it is extremely doubtful if the language appearing in the statement of facts as constituting the perjurous testimony, is at all material to the issues involved in a divorce matter.

It appearing that the appellant is illegally restrained and deprived of his liberty, the order of the superior court of Pinal County is set aside and the respondent Warden of the State Prison is ordered to forthwith discharge him.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concurring.