504 P.2d 1268

STATE of Arizona, Appellee,

v.

Ronald Wilmer MAROVICH, Appellant.

No. 2373.

Supreme Court of Arizona,
In Banc.

Jan. 9, 1973.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

The defendant, Ronald Wilmer Marovich, appeals from the judgment entered upon a jury verdict of guilty and from the sentence of five to seven years given him for the crime of robbery. Only one issue is argued and, in the words of his brief, that is:

"Did the trial court make an adequate finding of the voluntariness of the statement allegedly made by the defendant to officer Kaufman?"

The facts show that a man held up a U-Totem Market in Phoenix. The market had previously been fitted out by the police with a camera which was wired to the cash register so that the camera would take several pictures of the robber when the money was removed from the register. After the robbery, the pictures were developed and defendant was arrested and taken to the police station for interrogation, where Officer Kaufman questioned him. Kaufman showed defendant the pictures taken during the robbery and, according to Kaufman's testimony, defendant stated, "There is no doubt about it, it's me." According to defendant, his statement was, "It looks like me."

The question, however, is not so much what was said, but whether Kaufman read defendant his Miranda rights before or after the admission. A motion to suppress defendant's admission was made and the trial judge held a voluntariness hearing out of the presence of the jury. At that

hearing, defendant and Kaufman gave contradictory versions of when the warnings were given. At the conclusion of the hearing, the judge ruled:

"The defense motion to suppress the statements of the defendant is denied.

\* \* \* \* \* \*

"As I say, it would be basically up to the jury to determine the facts . . . on the basis of the evidence which has been presented."

In Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the Court held that before a confession can be admitted in evidence, the trial judge must hold a hearing outside the hearing of the jury and make a clear finding of voluntariness. One month later we followed that case by holding that a trial judge erred when, in the jury's presence, he stated that there was prima facie sufficient foundation to admit defendant's statement and that the jury was the group that would determine whether the statement was voluntary. State v. Owen, 96 Ariz. 274, 394 P.2d 206.

For the purpose of complying with Jackson v. Denno, *supra,* there is no difference between a confession and an admission. *Owen, supra.*

In 1965, in State v. Costello, 97 Ariz. 220, 399 P.2d 119, we held that at the conclusion of a voluntariness hearing in the absence of the jury, the trial judge's statement that the State had made a "prima facie" showing of voluntariness was error under the rule of Jackson v. Denno, and that only if the judge makes "a definite determination that it was voluntary" may he admit the confession for consideration by the jury.

In State v. Mileham, 100 Ariz. 402, 415 P.2d 104 (1966), the trial judge held a hearing in the absence of the jury, at the conclusion of which he stated: "The objection is overruled." We held that to be an insufficient determination of voluntariness. In State v. Dodd, 101 Ariz, 234, 418 P.2d 571 (1966), we held that a ruling

that the confession is "prima facie voluntary" will not take the place of a definite finding of voluntariness.

The question was again before us twice in January, 1972. In State v. Ramos, 108 Ariz. 36, 492 P.2d 697, the trial judge ruled: "Objection overruled. The court finds that there was an intelligent waiver." We held that ruling to be insufficient and remanded for a definite finding of voluntariness. In State v. O'Dell, 108 Ariz. 53, 492 P.2d 1160, the judge's ruling was: "I'll admit it," after a hearing, and we again held that to be insufficient.

The Attorney General ably and eloquently asks us to overrule some of these holdings, which he admits make the ruling in the instant case improper. His argument is that the judge's overruling of the motion to suppress was tantamount to a finding of voluntariness, and that to require the ruling to be a finding of voluntariness in so many words "is to enshrine form over substance." The argument is persuasive where it is clear that the judge understood Jackson v. Denno, *supra,* and merely worded his ruling badly. But in the instant case, it is clear that the trial judge did not understand that the duty of finding the admission to be voluntary was his and his alone, since he said, when he ruled, that it was really up to the jury to make that determination. In any event, we think that having repeatedly followed the strict requirements of Jackson v. Denno, *supra,* from its decision right up to this year, we should not overrule the cases cited above.

█ The Attorney General's arguments are not limited to trying to persuade us to be less strict about the form of the ruling following the voluntariness hearing. He also argues that the form of the ruling in the instant case is harmless error, quoting the following from Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705:

"We conclude that there may be some constitutional errors, which in the setting

of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the reversal of the conviction." 386 U.S. 18, at 22, 87 S.Ct. 824, at 827, 17 L.Ed.2d 705, at 709.

When a state appellate court reviews a case involving federal constitutional error, the state must apply the federal standard and declare the belief that the error was harmless beyond a reasonable doubt, if it affirms. This has been interpreted to mean that a constitutional error is harmless beyond a reasonable doubt "when the tainted evidence was cumulative" and the balance of the evidence is "overwhelming." Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). As the Court said in Harrington:

> "The case against Harrington was not woven from circumstantial evidence. It is so overwhelming that unless we say that no violation of Bruton [Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476] can constitute harmless error, we must leave this state conviction undisturbed." 395 U.S. at 254, 89 S.Ct. at 1729, 23 L.Ed.2d at 288.

We have but to substitute "Jackson v. Denno" for "Bruton" in the above quotation to have it apply to the instant case. In it, the allegedly tainted evidence was cumulative, and the other evidence was overwhelming. The error was harmless beyond a reasonable doubt and, had the wrongfully-admitted evidence been omitted, the verdict would have been the same. The victim made a positive in-court identification, and defendant was unfortunate enough to pick for his robbery, a store equipped with an automatic camera which photographed him in the very act of the holdup.

Judgment affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.