554 P.2d 642

**STATE of Arizona, Appellee,**

v.

**Bruce MOORE, Appellant.**

**No. 1 CA–CR 1076.**

Court of Appeals of Arizona,
Division 1,

Department B.

July 22, 1976.

Rehearing Denied Aug. 20, 1976.

Petition for Review Denied
Sept. 23, 1976.

Bruce E. Babbitt, Atty. Gen: by William J. Schafer, III, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

## OPINION

SCHROEDER, Judge.

This is an appeal from a conviction of lewd and lascivious acts, in violation of A. R.S. § 13–652. Appellant's two co-defendants at the trial were charged with rape. All three crimes allegedly were committed with the same victim during the same evening. The jury returned a verdict of guilt against the appellant, but failed to convict or acquit the co-defendants, Williams and Smiley. Williams and Smiley were convicted in a second trial and their appeals are the subject of two separate opinions handed down this day. *State v. Williams,* 27 Ariz.App. 279, 554 P.2d 646 (1 CA–CR 1040); *State v. Smiley,* 27 Ariz.App. 314, 554 P.2d 910 (1 CA–CR 1041).

The appellant submits the following issues in this appeal:

1. That A.R.S. § 13–652 is unconstitutional as an infringement upon the right of privacy and is unconstitutionally vague.

2. That the trial court committed reversible error by denying appellant's motion to sever when he was charged only with lewd and lascivious acts and his co-defendants were charged only with rape.

3. That he was denied his right to be present at all stages of the trial when (a)

a portion of his voluntariness hearing was held in his absence and (b) the court examined prospective jurors in chambers with counsel present while defendant remained in the courtroom.

4. That the trial court committed reversible error by failing to make an express finding that appellant's out-of-court statements were voluntarily, intelligently and understandingly made.

5. That reversal is required because of the use, by a codefendant's counsel, of a statement given by appellant after he had requested counsel and counsel had been appointed.

We find no reversible error and affirm.

■ The question of the constitutionality of A.R.S. § 13–652 is controlled by *State v. Bateman,* 113 Ariz. 107, 547 P.2d 6 (1976). The Arizona Supreme Court there upheld the constitutionality of A.R.S. § 13–652,[1] vacating both *State v. Bateman,* 25 Ariz.App. 1, 540 P.2d 732 (1975) and *State v. Callaway,* 25 Ariz.App. 267, 542 P.2d 1147 (1975).

■ Appellant's second contention is that his motion to sever was improperly denied. We disagree. Rule 13.3(b), Arizona Rules of Criminal Procedure (1973), states that, "[t]wo or more defendants may be joined when . . . the several offenses . . . are otherwise so closely connected that it would be difficult to separate proof of one from proof of the others." Rule 13.4(a) states:

"Whenever 2 or more offenses or 2 or more defendants have been joined for trial, and severance of any or all offenses, or of any or all defendants, or both, is necessary to promote a fair determina-

tion of the guilt or innocence of any defendant of any offense, the court may on its own initiative, and shall on motion of a party, order such severance."

The comment to Rule 13.4(a) explains that the provision "is intended to maintain the previous Arizona practice of allowing discretionary severance on a case-by-case basis." The trial judge's discretion in ruling on a requested severance will not be reversed absent a clear abuse of discretion. *State v. Bojorquez,* 111 Ariz. 549, 535 P.2d 6 (1975); *State v. Clayton,* 109 Ariz. 587, 514 P.2d 720 (1973). In view of the close connection in time, place and behavior between the acts allegedly committed by all three defendants, we hold that the trial judge did not abuse his discretion in denying severance.[2]

Appellant's third contention is that he was denied his right to be present on the second and third days of his voluntariness hearing and during an examination of prospective jurors held in chambers with only counsel present.

■ As this Court recognized in *State v. Perez,* 26 Ariz.App. 500, 549 P.2d 595 (1976), relying on *State v. Armenta,* 112 Ariz. 352, 541 P.2d 1154 (1975):

'It is firmly established that "[o]ne of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). See Rule 19.2, Arizona Rules of Criminal Procedure, 17 A.R.S.' (541 P.2d at 1155).

However, as the court in *State v. Armenta, supra,* noted, a defendant may waive his right to be present by voluntarily absenting

1. The court also held that in a prosecution for lewd and lascivious acts, where a consent issue is involved, an accomplice instruction with respect to corroboration must be given. In this case, a proper accomplice instruction was given.

2. A confession of one of Moore's co-defendants who did not take the stand was admitted

through police testimony. However, this did not violate the appellant's right of confrontation under *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Moore was not directly implicated by the statements and they were not "powerfully incriminating" as were the statements in *Bruton.* No *Bruton* issue has been raised on appeal.

himself from the proceedings. For such a waiver to apply, the court stated:

"[I]t must be shown that the defendant had personal notice of the proceeding, that he was aware that he had a right to attend and that he had been informed that the proceeding would go forward in his absence should he fail to appear." (541 P.2d at 1155).

*See also State v. Tacon,* 107 Ariz. 353, 488 P.2d 973 (1971), cert. denied, 410 U.S. 351, 93 S.Ct. 998, 35 L.Ed.2d 346 (1973); Rule 9.1, Arizona Rules of Criminal Procedure, 17 A.R.S.

In *Perez, supra,* the defendant was not given any notice of the proceedings during which parts of the testimony from his trial were re-read to the jury. In this case, however, Moore attended the first day of the voluntariness hearing and was told by the trial judge that it would resume the next day. Moore did not appear the next day and his counsel waived his presence. In the second instance complained of, the appellant was present in the courtroom when his counsel waived his right to be present in chambers during the examination of some of the prospective jurors.

■ These notifications, along with the warning in appellant's release order that proceedings would begin without him if he chose not to appear, serve as sufficient evidence from which we infer that Moore's absences were voluntary. Rule 9.1, Rules of Criminal Procedure, *supra; State v. Armenta, supra; State v. Thornburg,* 111 Ariz. 254, 527 P.2d 762 (1974).

■ Appellant's fourth contention is that the trial judge failed to make a definite determination that Moore's custodial statements were voluntarily made. It is well established that a statement may be admitted for consideration by the jury only if the trial judge makes a definite determination that the statement was voluntary. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). It is not enough that the court simply deny the motion to suppress the defendant's custodial statements. *State v. Ramos,* 108 Ariz. 36,

492 P.2d 697 (1972); *State v. Mileham,* 100 Ariz. 402, 415 P.2d 104 (1966).

■ In this case, the trial judge told the prosecutor to draw up a written finding that defendant's extrajudicial statements were knowingly and voluntarily made so that he could sign it later. Although no such document appears in the record, we find that the court's ruling is a definite determination that Moore's custodial statements were knowingly and voluntarily made. This is an example of the situation envisioned by our Supreme Court in *State v. Marovich,* 109 Ariz. 45, 46, 504 P.2d 1268, 1269 (1973), when it pointed out that a ruling should be deemed sufficient where "it is clear that the judge understood *Jackson v. Denno, supra,* and merely worded his ruling badly."

Finally, appellant attacks the trial court's denial of his motion to suppress the testimony of Officer Colombe of the Tempe Police Department concerning appellant's extrajudicial statements. It is contended that the admission of these statements at trial violated appellant's right against self-incrimination and right to counsel under the Fifth and Sixth Amendments to the United States Constitution.

We find that the trial court erred initially in denying the appellant's motion to suppress but that the use actually made of the statements at trial was not reversible error.

The interrogation by Officer Colombe occurred in the Tempe jail shortly after appellant's initial appearance, when counsel was appointed. Appellant stresses that Colombe interrogated him without contacting his newly appointed counsel, and that appellant had requested counsel during interrogation the previous night.

■ It is well established that once an accused states that he wants an attorney, all interrogation must cease until an attorney is present. In the meantime, the police must respect the decision of the accused to remain silent. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *See United States v. Clark,* 499 F.2d 802 (4th Cir. 1974). If the ac-

cused, rather than the police, initiates the reopening of questioning after a prior assertion of Fifth Amendment privileges, a waiver may be obvious. But in this case, Officer Colombe clearly initiated the interrogation and this was contrary to the holding of *Miranda v. Arizona, supra.*

Moreover, Officer Colombe's interrogation was instituted with full knowledge that the public defender had just been appointed to represent the appellant, and the officer made no attempt to notify or gain permission of the counsel.

■ Where incriminating statements are made in response to questioning outside the presence of counsel, and without counsel's permission, the prosecutor has a heavy burden of showing that the defendant acted knowingly and voluntarily in waiving his rights. *See State v. Richmond,* 23 Ariz.App. 342, 533 P.2d 553 (1975). Normally such statements are admissible only where compelling circumstances show voluntariness. *See Sample v. Eyman,* 469 F. 2d 819 (9th Cir. 1972); *Reinke v. United States,* 405 F.2d 228 (9th Cir. 1968), in which the accused affirmatively initiated the interview. *See also State ex rel. Berger v. Superior Court,* 105 Ariz. 553, 468 P.2d 580 (1970).

■ Here, the appellant did not initiate the interview with Officer Colombe; Officer Colombe knew that the public defender had been appointed to represent the appellant, and, in addition, the appellant the preceding evening had indicated that he wished to make no statement until counsel was present. In view of all of these circumstances, we conclude that the trial court incorrectly denied appellant's motion to suppress the statements made to Officer Colombe, thereby improperly authorizing the State to use such statements as part of the prosecution's case.

However, the prosecution in fact did not use the statements to incriminate the appellant. Officer Colombe testified for the State, and on direct examination made no reference to his interview with this appellant. The interview was brought out on cross-examination of Officer Colombe by counsel for one of the co-defendants. The cross-examination was directed toward describing Officer Colombe's conversations with participants in the episode at La Mancha. The substance of appellant's statement to Officer Colombe was that the prosecutrix had initiated the sex acts, and that his participation was with her consent. Appellant had made a similar statement earlier to Officer Elrich, and the trial court properly found that statement to have been voluntary. The Elrich statement was already before the jury. So too was a spontaneous statement referring to "the oral sex bit," made to still another police officer and from which the jury could have inferred that the appellant acknowledged engaging in oral sex. Accordingly, we hold that the actual use made at trial of appellant's statement to Officer Colombe did not constitute reversible error.

The judgment and sentence are affirmed.

JACOBSON, P. J., and WREN, J., concur.