582 P.2d 639

**STATE of Arizona, Appellee,**

v.

**Cornelius James STILL, Jr., Appellant.**

No. 4096–PR.

Supreme Court of Arizona,
In Banc.

July 18, 1978.

**550**

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Phoenix, for appellee.

Stanton Bloom, Tucson, for appellant.

STRUCKMEYER, Vice Chief Justice.

A Pima County jury convicted the appellant, Cornelius James Still, Jr., of grand theft by false pretense. The Court of Appeals affirmed in a brief memorandum decision filed November 10, 1977. We accepted jurisdiction. Decision of the Court of Appeals vacated. Judgment of the Superior Court reversed.

Appellant was engaged in the business of refining and selling silver to various merchants in the Tucson area. Together with his wife, he operated a business called the B.R.E. Metals from their Tucson home. In late January 1976, appellant and the complaining witness, Steven Young, Vice-President of LoJoLee, Inc. jewelry store of Tucson, had a conversation. Young testified that appellant offered to sell him liquid sterling silver round at a price substantially below market. He further testified that when asked how he could sell below market prices, appellant said he had silver mines in Mexico and that by refining the silver from those mines in Tucson and then sending it to California to Handy and Harmon, a nationally known firm where appellant said he had worked for many years, and because of this work relationship could get favorable treatment, he could offer silver at a considerable saving to his customers. As a result of this conversation, Young ordered 500 ounces of liquid sterling silver round. Several days later, appellant delivered 216 ounces of presumably liquid silver round. Young gave the appellant a check for $2,200 which he cashed immediately. A few days later, Young had the silver assayed. The assay disclosed that the appellant had delivered 216 ounces of liquid silver filled round and not liquid sterling silver round. Silver filled round contains only 4.5% silver, whereas sterling silver round contains 92.5% silver. Young contacted the Pima County Attorney, Consumer Fraud Division and appellant was charged with grand theft.

Appellant urges eight claims of error, the first of which is the improper argument of the prosecuting attorney. During closing argument, the prosecutor, over objection, made the following statement:

"But when you consider all the things all the circumstances surrounding this particular transaction they're just asking you, the defense is not just asking you to believe there is a mistake, they're asking you, first, to believe there is a large number of circumstances, some of which are explained and some of which aren't, that had to occur before this transaction could have been consummated the way it was.

Things that I've been talking about, and *I've never heard an explanation* [pointing to defense table] *for why this man told Mr. Young the story about having a mine down in Mexico.*" (Emphasis added.)

■ Appellant argues that this statement when considered in the light of the prosecutor's gesture (pointing to the defense table) amounts to an unconstitutional comment on his right to remain silent. We agree.

■ It is a well-established legal principle that any comment by a prosecutor upon the failure of a defendant to testify violates the Fifth Amendment to the United States Constitution. *Griffin v. State of California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Only comments on the failure of the defendant to testify personally are objectionable. A comment that certain facts brought out by the prosecution are uncontradicted is not objectionable. 1 Underhill, Criminal Evidence § 170; *Baker v. United States,* 115 F.2d 533 (8th Cir. 1940), cert. denied 312 U.S. 692, 61 S.Ct. 711, 85 L.Ed. 1128 (1941); *State v. Acosta,* 101 Ariz. 127, 416 P.2d 560 (1966). An exception to this rule occurs when it appears that the defendant is the only one who could explain or contradict the evidence offered by the state. *Leathers v. United States,* 250 F.2d 159, 166 (9th Cir. 1957). In *Langford v. United States,* 178 F.2d 48, 55 (9th Cir. 1949), the Ninth Circuit Court of Appeals stated:

> "And, except in those special cases where it appears that the accused himself is the only one who could possibly contradict the government's testimony, *Linden v. U. S.,* 3 Cir., 296 F. 104, the prosecutor may properly call attention to the fact that the testimony of the government witnesses has not been contradicted."

See also *United States v. Fearns,* 501 F.2d 486 (7th Cir. 1974); *United States v. Smith,* 500 F.2d 293 (6th Cir. 1974); *Desmond v. United States,* 345 F.2d 225 (1st Cir. 1965).

The State argues that our decision in *State v. Arredondo,* 111 Ariz. 141, 526 P.2d 163 (1974), stands for the proposition that it is of no consequence that the appellant was the only person who could have explained his representations to Young. But we understand *Arredondo* to hold that it is fundamental error for a prosecutor to comment in such a way as to direct the jury's attention to the failure of the defendant to testify.

It is plain from the testimony of the complaining witness that he was the only person who talked with appellant about silver mines in Mexico. The jury would therefore be compelled to conclude since the only two people to these conversations were Young and appellant, that appellant was the only person who could possibly contradict or explain the State's evidence. The prosecutor's pointing toward appellant emphasized the appellant's failure to take the witness stand to testify to his side of the story.

We hold this to be an unconstitutional comment on the accused's right to remain silent.

Because appellant's conviction must be reversed, we need comment but briefly on two other claims of error.

■ Appellant urges that the trial court erred in refusing to suppress a 12-year-old conviction. We assume this conviction will be suppressed on retrial since it has been since September 1, 1977 inadmissible under the Arizona Rules of Evidence, Art. 6, Rule 609(b).

■ Palpably, the introduction of evidence establishing that the bank called Young to verify the check which Young had paid to appellant and that appellant was not granted credit with others with whom he dealt have no relevant purpose other than to insinuate that appellant was not a trustworthy or reliable person. On retrial, evidence of this nature should be excluded.

Judgment reversed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.