602 P.2d 504

The STATE of Arizona, Appellee,

v.

David Avilez RIVERA, Appellant.

No. 2 CA–CR 1749.

Court of Appeals of Arizona,
Division 2.

Sept. 24, 1979.

Rehearing Denied Oct. 24, 1979.

Review Denied Nov. 6, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Allen G. Minker, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant, convicted by a jury of armed robbery while armed with a gun, A.R.S. Secs. 13–641 and 13–643(B), was sentenced to the custody of the Department of Corrections, for not less than five nor more than six years. Appellant contends (1) the trial court should have acquitted him because of insufficient evidence, (2) his right to due process and a fair trial were violated by the state's actions relative to a plea agreement with one of his co-defendants, (3) the trial court erred in refusing to instruct the jury on the law concerning accessories after the fact, and (4) the trial court erred by failing to instruct on the intent required of an aider and abettor.

We affirm the conviction but modify the sentence since the trial court was without jurisdiction to sentence appellant to the custody of the Department of Corrections.

■ On April 29, 1978, Santos Rivera entered a fast food restaurant in Tucson while armed with a gun and robbed one of the employees. He fled outside to a waiting automobile. The police were immediately notified and in response to a radio dispatch, Sgt. Robin Thim of the Tucson Police Department arrived at the restaurant within one or two minutes. He observed an automobile going down the alley in the rear of the restaurant and followed it. After observing that the license plate of this vehicle was covered with a cloth, he turned on his red beacon lights. The automobile did not stop until another police unit pulled in front of it and forced it to do so. Appellant was seated in the rear of the vehicle. A search of the vehicle revealed an air-pistol underneath the front passenger seat. After the officers removed the rear seat they discovered the money which was taken from the restaurant. While being transported from the scene of the arrest, appellant asked an officer how the police had responded so quickly. Appellant then stated, "Were you guys tipped off that the crack was going down? There's snitches all over the place. We must have got snitched off."

Contrary to appellant's contention, his presence in the automobile, the location and the money under the rear seat, the fact that appellant was seated in the rear of the automobile and his statement while being transported to the police station, support a conclusion that appellant was an aider and abettor in the commission of the armed robbery. The trial court did not err in failing to direct a verdict of acquittal.

■ George Castillo, who was the driver of the "get-away car", was named as a co-defendant on the grand jury indictment of May 5, 1978. The trial was originally set for November 28, 1978. On the day set for trial appellant moved to continue because Castillo was scheduled to change his plea and during an interview with Castillo the day before, Castillo invoked his Fifth Amendment right to refuse to answer any questions posed by appellant's counsel. In the written motion appellant claimed the continuance was necessary since he intended to call Castillo as a witness and if the trial were continued until after the change of plea, Castillo would no longer be able to invoke his privilege against self-incrimination. The motion did not state what testimony Castillo would give nor did appellant's counsel at the hearing on the motion indicate the expected testimony. The prosecutor opposed such a continuance. He stated that although there was an agreement with Castillo relative to a plea, it was conditioned upon Castillo entering a plea after the trial of appellant and his brother Santos. The exact details of the plea agreement were never elicited during the hearing. The prosecutor told the trial court that he did not want Castillo to enter into a plea agreement until after the trial of the Rivera brothers because Castillo was a suspect in a robbery of another restaurant that occurred within minutes of the one for which the Rivera brothers were being tried and the prosecutor did not want to prejudice his right to charge Castillo with the other robbery if the facts concerning that robbery came out at the trial of the Rivera brothers. The prosecutor moved to sever Castillo's trial from that of the appellant

and his brother. This motion was granted and the appellant's motion to continue was denied.

The trial commenced December 20, 1978. Santos Rivera called Castillo as a defense witness. As expected, Castillo invoked his Fifth Amendment privilege against self-incrimination.

Citing *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) and *United States v. Mendez-Rodriguez,* 450 F.2d 1 (9th Cir. 1971), appellant contends that his right to compulsory process and right to a fair trial was denied by the action of the prosecutor in refusing to allow Castillo to enter into a plea agreement until appellant had been tried. We do not agree. *Washington v. Texas,* supra, involved a Texas statute which provided that persons charged or convicted as co-participants in the same crime could not testify for one another. Based on the statute the trial court refused to allow the defendant to call as a witness the other participant in the crime whose testimony would have exonerated appellant. The Supreme Court held that the Texas statute violated the defendant's right to compulsory process to obtain witnesses in his favor.

In *Mendez-Rodriguez,* the defendant was charged with conspiracy to smuggle aliens into the United States and transporting aliens within the southern district of California. The government returned to Mexico three of the six witnesses to the offenses before the defendant had an opportunity to interview them. The court held that this violated defendant's right to compulsory process. Neither case is applicable here. The prosecutor did not prevent Castillo from testifying. He was free to do so. Furthermore, appellant has shown no prejudice or that Castillo would have testified favorably. Unlike *Mendez-Rodriguez,* appellant had ample opportunity before Castillo entered into his tentative plea agreement to interview him and determine what his testimony would be and whether he would in fact testify. We therefore conclude that none of appellant's constitutional rights were violated by the prosecutor's refusal to allow Castillo to plead prior to appellant's trial.

We do not agree with appellant's contention that the trial court erred when it failed to instruct the jury on the crime of being an accessory after the fact. An accused may be convicted of an offense other than that with which he is charged only if it is an included offense. *In re Appeal in Maricopa County, Juvenile Action,* 111 Ariz. 103, 523 P.2d 1304 (1974). Being an accessory after the fact is not an included offense of robbery while armed with a gun. Cf. *State v. Woody,* 108 Ariz. 284, 496 P.2d 584 (1972).

Lastly, appellant contends the trial court erred in giving its instruction on aiding and abetting. In particular, appellant claims that the trial court failed to set forth the intent required of an aider and abettor. We do not agree. We first note that appellant made no objection to this instruction at the trial. The trial court instructed the jury, inter alia, as follows on the issue of aiding and abetting:

"For one person to aid and abet another in the commission of a criminal offense means to knowingly and with criminal intent aid, promote, encourage or instigate by act or counsel, . . . the commission of such offense."

The court further instructed the jury that one of the elements of armed robbery while armed with a gun was that the taker must intend to take the property from the victim permanently. The court also stated that the prosecution must prove that the defendant had done an act which is forbidden by law and that he intended to do the act. It also instructed the jury that it could determine that the defendant intended to do the act if he did it voluntarily. We believe that the instruction, taken as a whole, adequately sets forth the intent required to be an aider and abettor. See *State v. Beard,* 107 Ariz. 388, 489 P.2d 25 (1971).

The sentence is modified to show that the appellant be imprisoned in the Arizona State Prison for the term stated by

the trial court and the sentence and judgment as modified, is affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.