633 P.2d 1047

**The STATE of Arizona, Appellee,**

v.

**Richard S. AGUIRRE, Appellant.**

**No. 2 CA–CR 2160.**

Court of Appeals of Arizona,
Division 2.

June 8, 1981.

Rehearing Denied July 15, 1981.

Review Denied Sept. 15, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gerald R. Grant, Asst. Atty. Gen., Phoenix, for appellee.

Sevrin J. Huselid, Globe, for appellant.

## OPINION

BIRDSALL, Judge.

Appellant was convicted of burglary in the second degree, kidnapping, sexual conduct with a minor, and child molestation with two prior felony convictions, the charges reflected in the indictment. On appeal, he raises three issues as error:

1) The denial of his motion to suppress evidence;

2) The denial of his motion to preclude impeachment with prior felony convictions; and

3) A verdict of guilty of child molestation after the jury had been returned for further deliberation.

■ Appellant contends that failure to suppress evidence seized from his person was error because the frisk and the subsequent arrest were unlawful for lack of probable cause. He concedes that the officer acted reasonably by initially detaining him because (1) there was a crime reported, (2) he was in the vicinity of the reported crime and (3) he was observed sliding under a truck. He contends that the "frisk" that followed was not justified under the circumstances because the officer did not have reason to believe appellant was armed. We note that the officer had to coax appellant out from under the truck which showed his lack of cooperation. Appellant was known to the officer as a felon although the officer did not know whether the prior crimes were violent. The officer, at this stage, did not know whether a weapon was involved or the details of the crime reported, except that it was believed to be a burglary. A frisk for weapons is reasonable if a reasonably prudent person in the same circumstances would be warranted in believing that his safety was in danger. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The weapons search was reasonable for the protection of the officer, who had reason to believe that a burglary had occurred, while he conducted his investigation even though appellant was not behaving in a threatening manner. *Cf. State v. Nichols*, 26 Ariz.App. 455, 549 P.2d 235 (1976) (police officer acted reasonably when he frisked the defendant because he believed a burglary was in progress).

■ Appellant next contends that the frisk did not provide probable cause to search his pockets. We disagree. The officer testified that he felt a bulge in appellant's pocket which might have been a weapon. Searching the pocket to ascertain whether there was a weapon was justified. *See State v. Lamb*, 116 Ariz. 134, 568 P.2d 1032 (1977).

■ Appellant was then handcuffed and placed in a patrol car. He contends that he was then under arrest without a warrant or probable cause. We disagree. Appellant was being detained until the officer could get more information about the reported crime. When an officer is engaged in an investigation, he may detain a person under circumstances which would not justify an arrest. *State v. Taras*, 19 Ariz.App. 7, 504 P.2d 548 (1973). The reasons which support appellant's initial detention continued to apply as the officer sought more information about the reported crime. *See id.* Whether handcuffing appellant and placing him in the police car was reasonable force must be evaluated in light of the circumstances. *See id.* One officer was to stay alone with appellant who had acted evasively and hidden earlier. The officers had reason to believe appellant might try to escape. *Cf. id.* (Suspect who tried to avoid police was reasonably detained by use of handcuffs and confinement to a patrol car.) Within five minutes, the officer obtained additional information that a burglary had been committed, that a bracelet like the one found on appellant was taken, that the perpetrator was dressed like appellant and in which direction the perpetrator had run. All the information obtained constituted probable cause to arrest. *See State v. Sardo*, 112 Ariz. 509, 543 P.3d 1138 (1975).

■ The officers did remove the bracelet from appellant's pocket before getting this additional information. However, this would have occurred, in any event, after the completed arrest and was incident to the lawful search for a weapon. Since the bracelet would have come into police custody in the normal course of the police investigation, as did the rest of the pocket's contents, it was admissible. *See State v. Lamb*, supra.

## Impeachment by Prior Convictions

Appellant contends that the court's failure to exclude evidence of his prior felony convictions was error. He claims that the probative value of the convictions does not outweigh the prejudicial effect. In the alternative, he argues that the state failed to meet its burden of proof under rule 609, 17A A.R.S. Rules of Evidence. We disagree with both contentions.

 Appellant's argument that the court failed to make a determination that the probative value of the prior convictions outweighs the prejudicial effect is directly contradicted by the record. This finding was expressly made and recorded in a minute entry. The finding was entered after a hearing on the record on appellant's motion to preclude his impeachment by prior felony convictions. The fact that the court's finding does not also appear in the transcript is irrelevant. The court complied with the recommendations made in *State v. Cross*, 123 Ariz. 494, 600 P.2d 1126 (App.1979). The court is not required to also explain the basis for its decision so long as it is supported by the facts before the court. *Cf. State v. Ellerson*, 125 Ariz. 249, 609 P.2d 64 (1980) (held that although the court made no express findings, its actions and the record indicated that the court had considered the necessary factors).

 The state identified the felony convictions by their cause number, the type of offense, and the conviction date. Both alleged felonies occurred in Gila County, within the court's jurisdiction. Appellant was convicted of robbery and of receiving stolen goods. Any felony, even if it does not involve false statement or dishonesty, has probative value on the issue of the defendant's credibility. *State v. Dixon*, 126 Ariz. 613, 617 P.2d 779 (App.1980). Appellant's credibility was important since his testimony was in direct conflict with the victim's and the arresting officers' testimony. In such circumstances, the jury should have before it all information which might re-

flect on appellant's truthfulness. *See id.* We hold that the trial court did not abuse its discretion in determining that the state had met its burden.

## Child Molestation Verdict

Appellant's final contention is that the court erred by returning the jury for further deliberation upon their verdicts of guilty of child molestation and sexual abuse.

The jury was given the following instructions about sexual abuse:

"The crime of molestation of child includes the less serious crime of sexual abuse. The State may prove sexual abuse but fail to prove the more serious crime of molestation of child.

You are permitted to find the defendant guilty of the less serious crime of sexual abuse: One, if the evidence does not show beyond a reasonable doubt that the defendant is guilty of molestation of child; and, two, if the evidence does not[1] show beyond a reasonable doubt that the defendant is guilty of sexual abuse.

A person commits sexual abuse by intentionally or knowingly engaging in sexual contact with any person not his or her spouse without consent of that person or with any person who is under 15 years of age and who is not his or her spouse.

Sexual contact means any direct or indirect fondling or manipultaing of any part of the genitals, anus or female breasts."

The jury returned verdicts of guilty of second-degree burglary, sexual conduct with a minor, kidnapping, child molestation, and sexual abuse. After a conference with counsel, the court explained again the lesser-included instruction. The court attempted to clarify the law that the jury could not return a verdict of guilty of both offenses. The jury was given new verdict forms, guilty and not guilty, for these two offenses. After further deliberation the jury

---

1. We note that the instruction should have read, "if the evidence does show" rather than "does not".

58

returned a verdict of guilty of child molestation only which the court accepted.

Appellant claims that under the "lesser-included" instruction, the jury's finding of guilty of sexual abuse necessarily included a finding of not guilty of child molestation. Instead of sending the jury back to further deliberate on which, if any, verdict of guilt they intended to make, he argues he should have been declared not guilty of child molestation and guilty of sexual abuse.

■ Appellant's contention is based entirely on the belief that sexual abuse is a lesser offense included within child molestation as the jury was instructed. We disagree. An offense is lesser-included when the greater offense cannot be committed without necessarily committing the lesser offense. *State v. Woody,* 108 Ariz. 284, 496 P.2d 584 (1972). The greater offense must also include an element which necessarily distinguishes it from the lesser offense. *State v. Dugan,* 125 Ariz. 194, 608 P.2d 771 (1980).

■ Sexual abuse is not a lesser offense included in molestation of child. A.R.S. § 13–1404 (sexual abuse) provides that:

"A person commits sexual abuse by intentionally or knowingly engaging in sexual conduct with any person not his or her spouse without consent of that person or with any person who is under fifteen years of age and who is not his or her spouse."

Sexual conduct means "any direct or indirect fondling or manipulating of any part of the genitals, anus or female breasts." A.R.S. § 13–1401(2). A.R.S. § 13–1410 (child molestation) provides that:

"A person who knowingly molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child or who causes a child under the age of fifteen years to fondle, play with, or touch the private parts of such person is guilty ..." of molestation of a child.

These two offenses are virtually identical as they apply to a victim less than 15 years old. To eliminate the elements of child molestation from sexual abuse or vice versa leaves no distinguishing element. Consequently, the instruction requested by appellant, and given, which described sexual abuse as a lesser-included offense, was inappropriate.

■ Likewise, the jury should not have been given verdict forms regarding sexual abuse. Appellant was not charged with sexual abuse but with child molestation. As sexual abuse was not a lesser-included offense, verdict forms on the offense were not appropriate under rule 23.3, 17 A.R.S. Rules of Criminal Procedure.

■ Since sexual abuse was not charged and was not a lesser-included offense, appellant could not be convicted of sexual abuse. *See State v. Rivera,* 124 Ariz. 123, 602 P.2d 504 (App.1979).

The jury returned verdicts of guilty of child molestation and sexual abuse. Going no further, the verdict of sexual abuse could not stand because it was not an offense charged. The trial judge could have vacated the conviction as beyond the scope of the indictment and left the child molestation conviction in effect.

This is the result that was ultimately reached, although it was by returning the verdicts for further deliberation by the jury.

■ Appellant was not prejudiced by the court's actions in returning the verdict to the jury because such action was not necessary to validate the verdict of child molestation. The jury had found him guilty of both charges.

Appellant also argues about irregularities in returning the verdict to the jury for further consideration. As the further deliberation was unnecessary to validate the verdict on child molestation, we do not reach this issue.

We affirm.

HATHAWAY, C. J., and HOWARD, J., concur.