631 P.2d 139

The STATE of Arizona, Appellee,

v.

Merrick Clinton WAY, Appellant.

No. 2 CA–CR 2230.

Court of Appeals of Arizona,
Division 2.

June 24, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Platt, Jenson & Johnson, P. C. by Dennis D. Jenson, Coolidge, for appellant.

## OPINION

BIRDSALL, Judge.

This appeal arises after a jury verdict finding appellant guilty of the crimes of theft of property with a value over $100 but not more than $1000 and burglary in the second-degree. A first trial resulted in a mistrial and the major issue on appeal is a claim of double jeopardy.

In the first trial the victim was called as a prosecution witness, examined and cross-examined by appellant's trial counsel. At the close of appellee's redirect the deputy county attorney stated: "I would like to reserve the right to recall the witness at a later time".[1] Appellant's counsel then proceeded with re-cross. At the conclusion of the witness' testimony the trial court told the witness: "Thank you, sir. You may step down. You will have to hang around, though". To which the witness responded: "All right". .

After the state rested appellant called one witness and then sought to recall the victim. However, the witness was then on a plane on his way back to his home in Michigan. Appellant moved for the mistrial which was granted.

Appellant filed a motion to dismiss, after the mistrial and before the second trial, based on double jeopardy. The motion was denied. In that motion appellant's counsel states that in an explanation at the bench when it was learned the victim witness was gone, the state's attorney explained that he had driven him to the airport that morning. In its response to the motion to dismiss, appellee's counsel, in effect, admits this.

In argument supporting the motion for mistrial, appellant's trial counsel stated she wanted to recall the victim for examination in three areas:

1) To testify that a gold necklace taken from appellant's wallet upon his arrest was not the victim's property;

2) Whether any other property not already mentioned had been stolen, and

3) To measure a shoe in evidence with a ruler.

On cross-examination by defense counsel, a witness had testified to seizing the necklace. A different gold necklace with a turquoise medallion was missing from the victim's home after the burglary and had not been recovered. The gold necklace taken from appellant was produced and admitted in evidence. At the time this evidence was elicited, defense counsel offered to stipulate the necklace was not the victim's but the state refused because it argued the entire subject was irrelevant. When the mistrial motion was made the state then offered to make the stipulation.

On this record the first trial judge ordered the mistrial on appellant's motion. In so doing he commented that he thought defense counsel was being overly technical but if that was her wish she had a right to have the witness in order to have a fair trial.

■ When a mistrial is granted on a defendant's motion, the defendant ordinarily waives the constitutional double jeopardy claim. *State v. Madrid*, 113 Ariz. 290, 552 P.2d 451 (1976). *See State v. Henderson*, 116 Ariz. 310, 569 P.2d 252 (1977).

■ However, where actions of the state compel a defendant, in order to secure a fair trial, to move for a mistrial, the defendant has not waived his constitutional right not to be placed twice in jeopardy. *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). In *State v. Marquez*, 113 Ariz. 540, 558 P.2d 692 (1976), the Arizona Supreme Court applied

---

1. It may be that this request was made by appellant's counsel since when it was learned the witness had left, the trial judge said, "I told him he was still under subpoena. She said she wanted to call him." Also in appellee's answering brief counsel states: "The witness was to have remained available for further recall by the defense".

*Dinitz.* However, *Dinitz* and *Marquez,* like earlier cases, *see United States v. Kessler,* 530 F.2d 1246 (5th Cir. 1976) and *State v. Wright,* 112 Ariz. 446, 543 P.2d 434 (1975), hold that the conduct of the state must be such that it is intended to provoke a mistrial request by the defendant. The test to be applied is whether there was prosecutorial overreaching intentionally calculated to force a mistrial. *State v. Marquez, supra.*

■ In the instant case, there was no such intentional conduct designed to force a mistrial. The record demonstrates that appellee's trial counsel had reason to believe appellant's counsel wanted to recall the witness only to show that the gold necklace was not his. Since she had offered to stipulate to this earlier and he was now willing to make this stipulation, he could reasonably conclude it was proper to let the witness go. As it developed, defense counsel wanted the witness for additional reasons. Appellee's counsel was wrong in releasing the witness but his conduct does not rise to the standard set out in *Marquez,* nor was it designed to avoid an acquittal. *Cf. City of Tucson v. Valencia,* 21 Ariz.App. 148, 517 P.2d 106 (1973) (prosecution's witness' testimony of matters previously ruled inadmissible was held to be accidental and not designed to avoid acquittal).

The only other issue argued on appeal concerns the state's alleged failure to disclose two matters pursuant to Rule 15, 17 A.R.S. Rules of Criminal Procedure.

■ The first discovery violation urged was a failure to disclose a police report made by a police officer.[2] The state did not call the officer as a witness in its case-in-chief. His name did appear, however, in other material which was disclosed, and presumably the state could have called him as a witness. *See State v. Birdsall,* 23 Ariz. App. 454, 533 P.2d 1191 (1975).

Defense counsel first learned of this report when another officer testified, in the second trial, that such a report had been prepared. The trial court ordered the report produced and granted defense counsel time to interview the officer. The trial judge characterized the report as rather inconsequential and probably not of any assistance to the defense. We have examined the two reports in question and agree. The first concerns only how the officer learned where appellant lived and how he attempted to contact him. The second report concerns unsuccessful attempts by the officer to locate other persons. We believe the sanction imposed by the court was adequate.

■ The second matter involving discovery arose because another police officer testified he had compared a photo of a footprint taken at the scene with appellant's shoe by use of a magnifying glass. The state's disclosure had not mentioned the use of the magnifying glass although the comparison had been disclosed.

Appellant claims the use of the magnifying glass should have been disclosed pursuant to Rule 15.1(a)(3). This rule provides that the state shall make available to the defendant for examination and reproduction "the names and addresses of experts who have personally examined a defendant or any evidence in the particular case, together with the results of physical examinations and of scientific tests, experiments or comparisons, including all written reports or statements made by them in connection with the particular case". The trial judge found this was a violation of the "spirit of the rule" and gave defense counsel time to interview another officer who was present when the comparison was made. Although we disagree that any further disclosure was required, the trial court's solution was reasonable.

No prejudice resulted from these problems and there was no error.

The judgment and sentence are affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

---

2. Rule 15.1(a)(1) requires the state to disclose all relevant statements of persons whom it will call as witnesses in its case-in-chief.