666 P.2d 493

The STATE of Arizona, Appellee,

v.

Larry Darnell COVINGTON and Willis J. Jones, Appellants.

Nos. 2 CA–CR 2528, 2 CA–CR 2713–2 PR.

Court of Appeals of Arizona, Division 2.

Feb. 1, 1983.

Rehearing Denied March 10, 1983 and April 28, 1983.

Review Denied June 22, 1983.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Gerald F. Till, Sierra Vista, for appellant Covington.

Vincent J. Festa, Sierra Vista, for appellant Jones.

## OPINION

BIRDSALL, Judge.

The appellants, Larry Darnell Covington and Willis J. Jones, were each found guilty by a jury of the charges against them—kidnapping, misdemeanor assault, and sexual assault (rape or fellatio). They were sentenced to the presumptive terms of seven years' imprisonment on each of the two felony convictions to run concurrently and 6 months on the misdemeanor, also a concurrent sentence. Their appeal was suspended to permit them to pursue petitions for post-conviction relief. No relief was granted and these rulings are contested in this appeal.

We affirm the convictions and sentences, subject to the remand ordered herein and dismiss the petition for review of the post-conviction relief proceedings.

The evidence supporting the verdicts shows that on the evening of September 8, 1980, the appellants and the victim were all at the NCO Club at Fort Huachuca where they were all drinking. Toward the end of the evening, the appellants forced the victim into their car and drove her to the trailer home of a third defendant, Raymond Holly. There each of the appellants forced the victim to have sex with them in the bathroom. Left alone after everyone had finished, the victim reported the crimes.

After their arrests the appellant Jones gave a statement in which he asserted that the sex was consensual. This statement was admitted in the joint trial. The appel-

lant Covington gave no statement and neither appellant testified. Our review of the record leads us to conclude that both appellants tried to rely on consent as a defense, although Covington never really admitted having sex with the victim. The appellants' first trial on these charges resulted in a mistrial. Their convictions resulted from their second trial.

Both appellants contend reversible error arises from:

1) Arguments of the prosecutor which constituted impermissible comment on their right to remain silent,

2) Their inability to call Holly as a witness because of the charges against him, and

3) Their second trial since it placed them twice in jeopardy.

In addition the appellant Covington argues that reversal of his convictions is necessary since:

1) There was no determination that he was competent,

2) The jury improperly considered his failure to testify, and

3) Jones' statement should not have been admitted in their joint trial.

We first consider the issues which both appellants present.

### Prosecutor's Argument

Several times during both his opening and rebuttal arguments the prosecutor called the jury's attention to the lack of evidence supporting the consent defense. Relying principally on *State v. Still,* 119 Ariz. 549, 582 P.2d 639 (1978), the appellants argue that since they were the only persons in the bathroom with the victim, they were the only persons who could have testified that any sexual contacts were consensual and therefor the prosecutor's comments called the fact that neither appellant testified to the jury's attention. In *Still* our supreme court held that since the defendant was the only person who participated in a conversation with the victim, he was the only person who could possibly explain or

contradict the witness' version of that conversation. By the appellants' analogy the appellants' testimony would be the only evidence to contradict the victim's testimony that she was forcibly raped. This attempt to analogize the conversation in *Still* to the sexual acts in the instant case must fail. Unlike the conversation in *Still,* there was other evidence in this case from which the jury could have concluded that the victim consented, principally the Jones statement from which, if believed, the jury could conclude the victim was the actual "aggressor". And there was other conflicting evidence on the issue of consent: the testimony of eye-witnesses to the conduct of the parties at the NCO Club and in the parking lot outside the club, the testimony of the neighbors living near the trailer concerning what they saw and heard, the results of the physical examination of the victim, the testimony of the disarray of the bathroom, including a broken mirror, and the testimony concerning the appearance and demeanor of the victim after the incident. All counsel argued that these facts supported a finding of either consent or non-consent. If the prosecutor had argued that there was no *direct* evidence of consent then this might be an improper comment. But that was not his argument. Under these peculiar circumstances, where neither appellant testified that the victim consented but nevertheless attempted to rely on this defense, we find the prosecutor's arguments to be within permissible bounds. We have carefully read the transcript of all of the closing arguments and find no indication that the prosecutor intentionally or unintentionally, directly or indirectly, commented on the appellants' failure to testify.

### Unavailability of the Witness

Originally these appellants were joined in the indictment with Raymond Holly. Both appellants opposed the state's motion to sever Holly's trial from their own. They cite no authority for the proposition that they have standing to oppose the severance. A criminal defendant has no right to be tried with a co-defendant. Thus these appellants had no standing to oppose

the state's motion. Holly's case was still pending, without even a trial date, when this appeal was submitted. From this the appellants argue the state has effectively and intentionally precluded them from calling him as a witness because he would invoke his Fifth Amendment right not to testify in view of the charges against him. We disagree. It is not the pending charges which cause Holly to remain silent, but rather the possibility of self-incrimination. *See State v. Rivera,* 124 Ariz. 123, 602 P.2d 504 (App.1979). The assertion that the state has intentionally refused to deal with his case in order to keep him "unavailable" is sheer speculation and flies in the face of contrary evidence. In the post-conviction hearing his own attorney testified concerning on-going, good faith negotiations. Lastly, the appellants have not demonstrated that his testimony would be favorable. *See United States v. Valenzuela-Bernal,* —— U.S. ——, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982); *State v. Rivera, supra.*

### Double Jeopardy Claim

■■ The first witness testifying at the first trial was a taxi driver who witnessed the events at the scene outside the NCO Club. After he testified about what he saw and heard that night, the following interrogation occurred:

"(by the prosecutor)

Q. Have you been confronted by or approached by anyone with regard to your testimony with regard to this case?

A. Yes, I have.

Q. When was that?

A. Two weeks ago.

Q. By whom?

A. I cannot recall the individual (sic) name. All I know is I picked him up at the 40th Central Battalion, took him to the N.C.O. Club, two individuals.

Q. What did these individuals say to you?

A. They said: So you are the taxi driver.

Q. Did they say anything else?

A. They said: You are the taxi driver. I asked them: What do you mean? They said: About the incident here in September.

Q. Did they tell you anything else?

A. No.

Q. Did they tell you about where you live?

A. Yes. I do remember they said: We know where you live."

Later it was established that the state could not connect this veiled threat to the appellants. The court granted the appellants' motion for mistrial, finding that the introduction of this evidence constituted prosecutorial misconduct and was in bad faith. Assuming, arguendo, that the mistrial was required and accepting, arguendo, the trial court's finding, the appellants' second trial does not amount to double jeopardy. Before a defendant is entitled to double jeopardy protection when a mistrial has been granted on his motion, the prosecutorial misconduct must be such that it was intended to provoke the mistrial request. There must be prosecutorial overreaching intentionally calculated to bring about the mistrial or designed to avoid an acquittal. *State v. Way,* 129 Ariz. 357, 631 P.2d 139 (App.1981); *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). The conduct here, even if in "bad faith", was not for that purpose. The trial judge who granted the mistrial was the same judge who denied the jeopardy claim. He implicitly found that the misconduct was not aimed at causing the mistrial. We find no abuse of his discretion and will not second guess him.

We next turn to the separate issues proposed by the appellant Covington.

### Juror Misconduct

■ An affidavit from Covington's counsel avowed that after the verdict the jury foreman told him several jurors had to some degree relied on the appellants' failure to testify. The verdict cannot be impeached on that basis even if the affidavits of the several jurors was furnished. Rule 24.1(d) of the Rules of Criminal Proce-

dure, 17 A.R.S. prohibits it. It is an inquiry into the subjective motives or mental processes of the jurors. *State v. Callahan,* 119 Ariz. 217, 580 P.2d 355 (App.1978).

### Jones' Statement

The appellant claims a *Bruton* problem is presented by the admission of the co-defendant's statement. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In *Bruton* the Supreme Court reversed the defendant's conviction where his co-defendant's out-of-court statement inculpated him. The *Bruton* court found that an admonition the jury could consider the confession only as to the defendant giving it was insufficient to overcome the error. Subsequent judicial interpretation of *Bruton* has engrafted a further requirement, that the statement must be clearly inculpatory. *United States ex rel. Nelson v. Follette,* 430 F.2d 1055 (2nd Cir. 1970), cert. denied sub nom. *Nelson v. Zelker,* 401 U.S. 917, 91 S.Ct. 899, 27 L.Ed.2d 818 (1971). Other federal cases have required an even stricter application, that is, that the statement must be "devastating", "crucial" or "powerfully incriminating". *See United States v. Grzywacz,* 603 F.2d 682 (7th Cir. 1979), cert. denied, 446 U.S. 935, 100 S.Ct. 2152, 64 L.Ed.2d 788 (1980). And in Arizona *see State v. Soders,* 106 Ariz. 79, 471 P.2d 275 (1970) and *State v. Moore,* 27 Ariz. App. 275, 554 P.2d 642 (1976).

■ In the instant case the statement was actually exculpatory as to each defendant, except that as to Covington it may place him at the trailer, a fact which was never seriously denied by Covington. Covington even noticed "consent" as his defense in the case. Rule 15.2(b), Rules of Criminal Procedure, 17 A.R.S. Covington neither moved for severance or to have the statement suppressed. Although admitted into evidence, the statement was not heard by the jury until his counsel read it in closing. Before closing arguments the state offered to withdraw it as an exhibit. Neither defense counsel agreed. A precautionary instruction which the court offered to give, that the statement could be considered

only against Jones, was refused. Under this record we are hard pressed to even seriously consider that the statement should now be the basis for reversing Covington's conviction.

### Competency

Prior to trial the court granted Covington's motion for Rule 11 evaluation and appointed two mental health experts. Although they each filed reports of their findings, no hearing was ever set, much less held, to determine if Covington was competent to proceed. Pursuant to *State v. Wagner,* 114 Ariz. 459, 561 P.2d 1231 (1977) we must remand for a competency hearing. If the court determines the appellant was competent to stand trial, the judgment and sentences will stand; if the determination is that he was not competent, they will be set aside and the case remanded for further proceedings.

Affirmed subject to remand with directions.

HOWARD, C.J., and HATHAWAY, J., concur.