836 P.2d 395

The STATE of Arizona, Appellant,

v.

Thomas John ROWLAND, Appellee.

No. 2 CA–CR 91–0436.

Court of Appeals of Arizona,
Division 2, Department A.

Jan. 21, 1992.

Reconsideration Denied March 4, 1992.

Review Denied Sept. 22, 1992.

Stephen D. Neely, Pima Co. Atty. by Catherine M. Shovlin, Tucson, for appellant.

Joseph P. St. Louis, Tucson, for appellee.

## OPINION

HOWARD, Judge.

In this case, the trial court determined that defendant Thomas John Rowland was not under arrest at the time his blood was drawn in order to be tested for alcohol content. Accordingly, the trial court granted Rowland's motion to suppress the blood alcohol content (BAC) test results because of an implied consent statute in effect at the time of the test. We disagree with the trial court and vacate its order to suppress the BAC.

On October 15, 1989, Rowland was involved in an accident on Interstate 19, south of Tucson. A disabled vehicle had parked on the emergency shoulder. Rowland's vehicle hit the disabled vehicle and then struck two people standing near the disabled vehicle. One of those persons died before help arrived and the other died on the way to the hospital. Rowland's vehicle careened after the initial impact and struck two other people who were also standing on the road's shoulder. These two people both suffered serious injuries.

Officer Phillip Michael Cianciolo of the Department of Public Safety (DPS) arrived to investigate the accident. Cianciolo informed Rowland that he had the opportunity to be given medical attention at the accident scene and he declined such treatment at that time. Because of the seriousness of the accident, Cianciolo advised Rowland of his Miranda rights and administered field sobriety tests. As a result of those tests Cianciolo concluded that Rowland was driving under the influence of alcohol. Cianciolo then Mirandized Rowland a second time. Cianciolo placed Rowland in handcuffs, put him in his police car, gave him the Miranda warnings a third time and transported him to St. Mary's Hospital without his consent. Rowland had not requested any medical treatment prior to the time Cianciolo drove him to the hospital.

At the hospital, Cianciolo read Rowland the implied consent affidavit. Cianciolo told Rowland he was not under arrest but that charges would be filed pending the outcome of the traffic violation. After Rowland gave the blood pursuant to A.R.S. § 28–691, the implied consent law in effect at the time, he was transported to the pretrial services at the Pima County Jail.

Sergeant Edward J. Slechta, also of DPS, made the decision not to formally charge Rowland that night. He decided this because he believed that if misdemeanor charges were filed along with felony charges in the same case and Rowland pled guilty to the misdemeanor then it would be impossible to prosecute the felony charge. Slechta told Cianciolo to release Rowland from pretrial services without formally charging him.

Rowland filed a motion to suppress the BAC arguing that at the time Cianciolo invoked implied consent, i.e., at the time Rowland's blood was drawn, Rowland was not under arrest as contemplated by A.R.S. § 28–691. According to the pertinent part of that statute, a person who operates a motor vehicle in Arizona and is arrested for an offense arising out of acts which occurred while the person was driving under the influence of alcohol gives implied consent to a blood test.

The trial court granted Rowland's motion, holding that Rowland was not under arrest when Cianciolo invoked the implied consent law. The trial court made this determination because Cianciolo told Rowland that he was not under arrest and Rowland was released without being formally charged.

On appeal, the state raises two arguments. First, the state contends that because Rowland was under arrest, the trial court erred. We agree that Rowland was under arrest. Therefore, we need not reach the state's second argument, which is that Slechta's decision not to file formal driving under the influence charges was a good faith attempt to prevent preclusion of the manslaughter charges pursuant to

*Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

The issue of whether Rowland was under arrest is a mixed question of fact and law. When determining if an arrest has occurred, the trial court's legal conclusions "are especially susceptible of appellate review." *State v. Winegar,* 147 Ariz. 440, 445, 711 P.2d 579, 584 (1985).

It is undisputed that Cianciolo gave Rowland Miranda warnings, placed him in handcuffs, gave him Miranda warnings a second time, put him in the police car, gave him Miranda warnings again and drove him to the hospital without his consent. Our supreme court has held that an arrest occurs once the police interrupt and restrict a person's freedom of movement. *State v. Ault,* 150 Ariz. 459, 724 P.2d 545 (1986). Rowland's freedom of movement was interrupted and restricted when he was handcuffed and placed in the police car. When he was then driven to the hospital without his consent his freedom of movement was further interrupted and restricted.

The *Ault* court also held that a significant factor is whether a reasonable person would believe that, under the circumstances, he was not free to leave. A reasonable person who was given Miranda warnings, placed in handcuffs and then put into a police car would not believe he was free to leave.

■ Although Rowland contends that he would have given his consent to be taken to the hospital and that, consequently, he went voluntarily, such an argument misses the mark. Voluntariness on the suspect's part to have his movement restricted is irrelevant. Likewise, Rowland's argument about his cooperation at all stages of the investigation on the night of the accident is irrelevant to the issue of whether a reasonable person under these circumstances would believe he was free to leave.

The *Ault* court also held that the test is an objective one rather than subjective and that the officer's subjective intent is not a controlling factor. Therefore, the fact that Cianciolo told Rowland that he was not placing him under arrest is not dispositive.

Another significant factor articulated by the *Ault* court is the extent to which the person's freedom of movement is restricted and the degree of force used. Rowland's freedom of movement was significantly restricted when he was handcuffed and put into the police car. The degree of force used was appropriate; Rowland did not resist being handcuffed and so Cianciolo did not need to use much force.

Overall, the *Ault* court's test is designed to be "an evaluation of all the surrounding circumstances to determine whether a reasonable man innocent of any crime would have thought he was being arrested if he had been in defendant's shoes." 150 Ariz. at 464, 724 P.2d at 550. A reasonable man who was Mirandized twice, handcuffed, put into a police car, given the Miranda warnings a third time and then driven to a hospital without his consent would think he was being arrested despite an officer's assertions to the contrary.

Furthermore, our courts have repeatedly found that handcuffing a suspect is an indicia of arrest. *State v. Carter,* 145 Ariz. 101, 700 P.2d 488 (1985); *State v. Perea,* 142 Ariz. 352, 690 P.2d 71 (1984); *State v. Riffle,* 131 Ariz. 65, 638 P.2d 732 (App. 1981). Additionally, the *Winegar* court held that if a defendant is given Miranda warnings, such warnings should be considered a factor weighing in favor of concluding that there was an arrest because most people associate the warnings with arrest. *State v. Winegar,* supra.

■ Rowland argues that each of the separate factors, considered by itself, does not constitute an arrest. For example, Rowland argues that mere handcuffing, without more, does not always mean that a suspect has been arrested. While handcuffing usually does constitute an arrest, we agree there are exceptions. See *State v. Aguirre,* 130 Ariz. 54, 633 P.2d 1047 (App.1981). Likewise, Rowland is correct when he asserts that simply giving a suspect Miranda warnings does not necessarily constitute arresting the suspect. Rowland's argument fails, however, because he was given Miranda warnings, handcuffed

and his freedom of movement was significantly restricted.

The trial court erred when it concluded that Rowland was not under arrest. Therefore, we vacate the trial court's order suppressing the BAC.

LIVERMORE, C.J., and LACAGNINA, P.J., concur.