NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE: MS2022-000001

No. 1 CA-MH 24-0168 SP

FILED 09-25-2025

Appeal from the Superior Court in Maricopa County
No.  MS2022-000001
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph Cada
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kathryn Rose Krejci, Daniel R. Raynak
*Counsel for Appellant*

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

**W E I N Z W E I G**, Vice Chief Judge:

¶1　　　　A.R. appeals a jury verdict finding him a sexually violent person.  We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　A.R. was twice convicted of Attempted Molestation of a Child, first in 1991 and again in 2015, both times for conduct with a 7-year-old girl.  For each offense, he was sentenced to 13 years in prison.  A.R. was about to be released for the second offense in February 2022, when the State petitioned to commit A.R. as a sexually violent person.  *See* A.R.S. § 36-3701(7).  The superior court found probable cause to believe A.R. was a sexually violent person and transferred him to the Arizona Community Protection and Treatment Center.

¶3　　　　A four-day jury trial was held in August 2022 to determine whether A.R. was a sexually violent person.  The State presented testimony from an expert witness named Dr. Nicole Pondell.  She testified that A.R. had a pedophilic disorder, serious difficulty controlling his sexual behavior, and would likely engage in future acts of sexual violence.  Her opinion was based in part on A.R.'s penile plethysmograph ("PPG") testing, which measures a man's arousal in response to different audio scenarios.  Since his first arrest in 1991, A.R. had been administered the PPG four times:

- In 1994, he registered high arousal for inappropriate children scenarios.

- In 2005, he registered moderate arousal for inappropriate children scenarios.

- In 2006, he registered low to nonsignificant arousal for inappropriate children scenarios.

- In 2007, he registered no significant arousal to inappropriate children scenarios.

¶4　　　　Armed with that data, defense counsel characterized the PPG test as "one of the most researched and longest used measures of sexual interest," adding that it has "been around for a while."  And defense counsel featured A.R.'s decreased arousal responses in closing argument. For its part, the State acknowledged that the PPG test "was an arousal test," and A.R. "had arousal to themes involving children."

¶5          The superior court instructed the jury on the State's evidentiary burden of beyond a reasonable doubt.  The jury found A.R. a sexually violent person by a 6-2 vote.  A.R. timely appealed.  We have jurisdiction.  A.R.S. § 12-2101(A)(10).

## DISCUSSION

¶6          A.R. raises four issues on appeal.  Because he did not object below, we review each for fundamental error.  *See State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).  He must show error that is both fundamental and prejudicial.  *Id.*

### I.    PPG Tests.

¶7          A.R. first argues the superior court erred by allowing the State's expert to testify about the PPG test results.  Expert testimony is admissible when (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue, (b) the testimony is based on sufficient facts or data, (c) the testimony is the product of reliable principles and methods, and (d) the expert has applied the principles and methods reliably to the facts of the case.  Ariz. R. Evid. 702.

¶8          We discern no error, much less fundamental error, because there was no prejudice.  *See Escalante*, 245 Ariz. at 140, ¶ 12.  The PPG tests furthered A.R.'s defense, and he featured them in his closing.

### II.    Due Process.

¶9          A.R. next argues his due process rights were transgressed when the jury learned he invoked his right to remain silent during the second arrest.  We disagree.

¶10          The superior court should not admit evidence that a defendant invoked his right against self-incrimination when it "suggest[s] to the jury that the defendant was guilty because he had invoked his right . . . during police questioning."  *State v. Gilfillan*, 196 Ariz. 396, 406, ¶¶ 36, 38 (App. 2000), *abrogated on other grounds by State v. Carson*, 243 Ariz. 463, 466, ¶ 10 (2018).

¶11          That concern is not present in this civil case.  *See Wohlstrom v. Buchanan*, 180 Ariz. 389, 391 n.2 (1994) ("[I]n civil cases, fact finders are entitled to draw negative inferences against those who assert Fifth Amendment rights against self-incrimination.").  And A.R. was ultimately

convicted of the offenses; whether he invoked his right to remain silent when arrested for that offense is of no consequence. *See State v. Palenkas*, 188 Ariz. 201, 212 (App. 1996); *see also Brecht v. Abrahamson*, 507 U.S. 619, 628 (1993) (use of defendant's invocation at the later criminal trial violates the due process clause).

### III.     Jury Instruction.

**¶12**         A.R. next argues the superior court failed to instruct the jury on the various burdens of proof. A party is entitled to jury instructions "on any theory reasonably supported by the evidence." *State v. Rodriguez*, 192 Ariz. 58, 61, ¶ 16 (1998). The jury is properly instructed when it has "received the information necessary to arrive at a legally correct decision." *State v. Dann*, 220 Ariz. 351, 363, ¶ 51 (2009).

**¶13**         A.R. argues the superior court should have supplied the jury with Revised Arizona Jury Instruction Standard Criminal 4(b), which describes the preponderance of the evidence and clear and convincing evidence burdens of proof. We disagree. Neither burden of proof was relevant here. *State v. Thompson*, 204 Ariz. 471, 479, ¶ 32 (2003) (jury instructions should not mislead or confuse the jury). Arizona law required the State to prove A.R. was a sexually violent person beyond a reasonable doubt. A.R.S. § 36-3707(A).

### IV.     Burden.

**¶14**         A.R. argues the State improperly shifted the burden of proof during closing argument when the prosecutor said: "When we talk about Dr. Pondell's opinion that [A.R.] meets all four criteria as a sexually violent person, you did not hear evidence to the contrary."

**¶15**         We discern no error. "'The State improperly shifts the burden when it implies a duty upon the defendant to prove his innocence or the negation of an element' of a charge, or 'when it comments upon the failure of a defendant to testify or present a defense.'" *State v. Crain*, 250 Ariz. 387, 398, ¶ 40 (App. 2021) (citation omitted).

**¶16**         That did not happen here. The prosecutor's statement did not imply A.R. had a duty to prove his innocence; it only stressed that A.R. had introduced no evidence to contradict Dr. Pondell's opinion. *State v. Still*, 119 Ariz. 549, 551 (1978) ("A comment that certain facts brought out by the prosecution are uncontradicted is not objectionable" unless it appears that only the defendant could contradict the state's evidence). Beyond that, the

jury was properly instructed on the State's burden, and the State reiterated its burden during closing.

**CONCLUSION**

¶17        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR